A92A2352. OWENS v. THE STATE.
(427 SE2d 529)

BLACKBURN, Judge.

The defendant, William Owens, was charged with two counts of aggravated assault and two counts of possession of a firearm during the commission of a crime. The jury found the defendant guilty of one count of aggravated assault and one count of firearm possession but acquitted him of the other charges. The defendant was sentenced to five years of imprisonment on each charge. This appeal followed.

At trial, the male victim, a convicted felon and friend of the defendant, testified that on the day in question, he and Joe "Bug" Williams, another friend of the defendant, were standing near a car owned by the victim's brother-in-law when they saw the defendant. Williams asked the defendant if he was going to speak to them. The defendant mumbled something in response to Williams and continued walking. As the defendant reached the corner, he made a derogatory statement to the two men, and suddenly shot out one of the tires of the car. The defendant came back toward the victim and shot the gun twice in front of the victim, hitting the ground. As the defendant walked away, he told them that he would kill them.

The defendant later returned with a larger caliber gun and informed the victim again that he would kill him. The victim subsequently asked the defendant if anything was wrong. As the defendant reached to pick up the gun, the victim grabbed the defendant and the two men struggled with the gun. The victim was shot in the right foot and leg as a result of this scuffle. The defendant later threw the victim onto the car and shot him in the hip. The defendant was identified by the victim in court as his assailant.

Williams' testimony essentially corroborated the testimony of the victim. On the day in question he had jokingly asked the defendant if he was going to speak to them as the defendant walked by. The de-

fendant replied, using vulgarities, that he was tired of them bothering him. Williams, in response to the defendant, told him that he was no longer wanted on the block. He later saw the defendant shoot the car tire and shoot the gun twice in front of the victim, hitting the ground. Williams also observed the defendant verbally threaten the victim's life while holding the gun. According to Williams, the victim grabbed the gun and the two men struggled for possession. He later heard the gun discharge and saw the victim leave the scene. Williams testified that he had not known the victim to carry a gun. He also stated that on the evening in question, the defendant had been carrying a cup of whiskey in his hand.

Officer Donald Lee testified that he arrested the defendant after the defendant called the police department and wanted to turn himself in. The defendant had heard that a warrant had been issued for him for shooting a man.

The defendant testified on his behalf. According to the defendant, he was on the way to a neighborhood bar when he heard the victim shooting in the air with a gun. He suggested to the victim that he needed to be careful with his use of the gun. The victim subsequently pointed the gun at the defendant, stated that he would shoot him and pulled the trigger. Although the gun did not discharge at that time, the defendant testified that he took the gun from the victim and shot the victim in an act of self-defense. He denied having a cup of whiskey in his hand at the scene, but admitted that he had been drinking with a few friends earlier in the day. However, he thought that the victim had been using drugs on the day in question.

1. In his first enumeration of error, the defendant contends that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Georgia. He argues that his former counsel failed to have him testify as to his lack of a criminal record and about his good character, which would have entitled him to a charge on good character.

"Pursuant to the two-prong test enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), [a] defendant must meet two tests [in order] to prevail on his ineffective assistance of counsel claim: ' 1) he must show that trial counsel's performance was deficient in that he made errors so serious that he was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment; [and] 2) defendant must show that the defense was prejudiced by the deficient performance so that defendant was deprived of a fair trial, one whose results were reliable. (Cit.)' [Cit.]" *White v. State*, 193 Ga. App. 428, 429-430 (2) (387 SE2d 921) (1989). " 'Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result.

Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate. [Cits.]' " *Spivey v. State*, 193 Ga. App. 127, 131 (3) (386 SE2d 868) (1989). However, "[t]here is a strong presumption that representation has been effective. [Cit.]" *Clarington v. State*, 178 Ga. App. 663, 667 (344 SE2d 485) (1986).

" 'In a criminal case the State can not rebut or question the *presumption* of the *defendant's good character* unless the defendant discards the presumption thus afforded and *elects* to put his *actual character* in issue by evidence or by his statement to the jury.' [Cit.]" *Favors v. State*, 145 Ga. App. 864, 865 (1) (244 SE2d 902) (1978); *Murray v. State*, 157 Ga. App. 596 (1) (278 SE2d 2) (1981). The defendant's former counsel's decision to not place the defendant's character in issue is a matter of trial tactics and does not equate with ineffective assistance of counsel. As this court has recently held in *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992), "[t]actical decisions are the exclusive province of the lawyer. . . . [Cit.]" Id. at 725. The defendant did not subpoena his trial counsel to appear at the hearing on the motion for new trial based upon his ineffective assistance claim and has not affirmatively shown that any purported deficiencies were not examples of a conscious and deliberate trial strategy. See *Garrett v. State*, 196 Ga. App. 872 (397 SE2d 205) (1990). On the contrary, defendant's former counsel was successful in obtaining not guilty verdicts on one count of aggravated assault and on one count of possession of a firearm during the commission of the crime. Accordingly, we hold that the evidence is insufficient to compel a finding that defendant's former trial counsel's assistance was deficient or that any deficiency of trial counsel prejudiced the defense. In that the defendant's trial counsel's actions did not constitute ineffective assistance of counsel, the trial court did not err in denying defendant's motion for a new trial.

2. In the defendant's second enumeration of error, he contends that the evidence produced at trial was insufficient to support his conviction.

On appeal of a criminal conviction, the standard of review is whether, " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Cit.]" *Adams v. State*, 255 Ga. 356, 357 (338 SE2d 860) (1986). At trial, the evidence was in conflict as to whether the defendant was the victim or the aggressor. The state presented testimony of the victim, a corroborating witness, and the arresting officer in support of its case whereas the defense relied solely upon the testimony of the accused.

"The question of witness credibility . . . is for the jury. [Cit.] [T]his court determines the sufficiency of the evidence, but does not weigh the evidence or determine witness credibility. [Cit.]" *Daniel v. State,* 200 Ga. App. 79, 80 (1) (406 SE2d 806) (1991). The jury resolved the conflict in the evidence and found against the defendant and this court may not substitute its judgment for that of the jury. We have reviewed the evidence in the light most favorable to the prosecution and conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JANUARY 22, 1993.

*Mark J. Nathan,* for appellant.
*Spencer Lawton, Jr., District Attorney, Elise O. Gray, Assistant District Attorney,* for appellee.