## A96A1226. MITCHELL v. THE STATE.
(477 SE2d 612)

McMURRAY, Presiding Judge.

Defendant Mitchell appeals his conviction of robbery (by force), kidnapping, and aggravated assault. *Held*:

1. The first enumeration of error maintains that the jury charge was deficient in that it stated that "defendant is presumed to be innocent *until* proven guilty" and that "this presumption remains with the defendant *until* it is overcome by the State. . . ." (Emphasis supplied.) Basically, defendant's argument is that use of the word "until" alone implies that the State has satisfied its burden, is a comment on the evidence, and shifts the burden of proof to the defendant. The only authority cited by defendant is merely an approval of an instruction which contains the phrase "unless and until" rather than the single word "until." See *Reeves v. State*, 241 Ga. 44, 48 (4) (243 SE2d 24). This argument overlooks numerous cases which similarly approve of charges which are virtually the same as that given in the case sub judice. See *Cunningham v. State*, 221 Ga. App. 341 (1) (471 SE2d 273). While we are unaware of any substantial difference in the essence of these alternative phrases, we do note that the charge given in this case also contains, immediately following the language of which defendant complains, the statement that "[n]o person shall be convicted of any crime *unless and until* each element of the crime is proved beyond a reasonable doubt." (Emphasis supplied.) This enumeration of error lacks merit.

2. In *Noggle v. State*, 256 Ga. 383, 385-386 (4) (349 SE2d 175), our Supreme Court recommended against the use of a potentially misleading presumption-of-truthfulness charge. See also *Henson v. State*, 205 Ga. App. 419, 420-421 (3) (c) (422 SE2d 265). In his second enumeration of error, defendant contends that the trial court disregarded this direction by instructing the jury that where there was a conflict in the testimony "it is your duty to settle this conflict, if you can, without believing that any witness made a false statement." Defendant's contention that this instruction interfered with the jury's factfinding role has been previously considered and rejected. *Jackson v. State*, 214 Ga. App. 683, 684 (2) (448 SE2d 763).

3. Next, defendant contends that the trial court erred in allowing the admission into evidence of a photograph showing defendant at the time of his arrest, handcuffed and dressed in a blood-stained shirt. Contrary to defendant's assertion the photograph in question did not lack probative value since the testimony of several witnesses described the perpetrator as wearing a similar shirt and the stain was shown by DNA to be the victim's blood. Furthermore, admission of the photograph did not conflict with the holdings in *Heard v. State*, 257 Ga. 1 (354 SE2d 115) or *Roundtree v. State*, 181 Ga. App. 594

(353 SE2d 88), cases involving distinguishable factual circumstances.

4. During the jury selection process, one juror passed a note to the trial court expressing concern as to whether defendant was an employee he had once fired. The trial court read the note into the record and the juror was called in to face the defendant in order to determine if defendant was the person the juror remembered. When it was established that defendant was not that person, the juror stated, "Okay. Then I don't think we have a problem." Since there was no irregularity in the conduct shown, defendant's reliance on *Moore v. State*, 184 Ga. App. 524 (362 SE2d 76) is misplaced.

Nor is any issue preserved for appellate review. Defendant's trial counsel acquiesced in the procedure used to resolve the issue raised by the juror's note and no timely objection concerning this matter was raised, the issue having been argued for the first time in defendant's motion for new trial.

5. Defendant contends that his trial counsel was deficient in several respects. The burden is on defendant to show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 2064, 80 LE2d 674); *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590).

Defendant argues that trial counsel's performance was deficient due to her failure to raise a good character defense and due to her failure to request instructions to the jury on this issue. However, this Court has held that strategic or tactical decisions at trial are the exclusive province of the lawyer, and decisions concerning whether to call character witnesses and whether to place the defendant's character in issue are matters of strategy or tactics such as do not equate with ineffective assistance of counsel. *Owens v. State*, 207 Ga. App. 153, 154 (1), 155 (427 SE2d 529).

Next, defendant contends that his trial counsel was ineffective in allowing a partial and biased juror to serve on the panel. The juror in question passed a note to the trial court stating that defendant looked like an employee he had once fired. Once it was established that defendant was not that employee the juror responded, "Then I don't think we have a problem, then." Contrary to defendant's assertion, we see no way in which this transaction can be viewed as an exhibition of malice or ill feeling towards defendant. Therefore, trial counsel's decision to not strike this juror does not appear to be deficient conduct.

Finally, contrary to defendant's assertion, his trial counsel did not fail to present evidence to show a coherent alternative theory of the case. The addition of further potential evidence referenced by defendant in his argument on appeal would have added little or nothing to theory presented by defendant at trial. "The fact that [defend-

ant] and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that [defendant] received representation amounting to ineffective assistance of counsel. *Van Alstine v. State*, 263 Ga. 1, 4-5 (426 SE2d 360) (1993)." *Stewart v. State*, 263 Ga. 843, 846 (6), 847 (440 SE2d 452).

6. The next enumeration of error contends the defendant was denied effective assistance of counsel when trial counsel did not object to evidence of defendant's post *Miranda* silence. A police detective, on direct examination, testified as to reading defendant his rights as set out in *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). The following questions and answers followed: "Q. Did the defendant at that time speak to you, sir? A. No, he didn't. After I read him his rights, he didn't say anything. All he said was that he wanted an attorney and he kept saying it over and over. Q. Did he cooperate with you in any way as far as normal identifying information? A. No, he refused to give me any information pertaining to his name, date of birth, address." On cross-examination, defense counsel elicited a repetition of essentially the same testimony with the addition of the exact language of the rights read to defendant.

As stated in *Gibbs v. State*, 217 Ga. App. 614, 615 (458 SE2d 407), in order to warrant reversal of a conviction, the evidence of defendant's choice to remain silent must point directly at the substance of defendant's defense or otherwise substantially prejudice defendant in the eyes of the jury. And this was simply not the case here. The defendant was merely shown to have exercised the rights of which he had just been informed and there was nothing linking this conduct to any inference of guilt. Any constitutional error was harmless. We find no error in the trial court's conclusion that defendant did not establish ineffective assistance of counsel.

7. The victim remained in the courtroom after she testified. While a police detective was testifying, evidence was elicited that the victim's handbag was never found following the crimes at issue. The victim told the assistant district attorney that in fact the purse had been found and returned to her a few weeks after the crimes. During a pause in the proceedings, the assistant district attorney speaking in the victim's presence told the detective about this new information. Shortly thereafter the trial resumed and testimony concerning the recovery of the handbag was elicited from the detective. Defense then requested a bench conference which was followed by a conference on the record outside the presence of the jury at which defendant moved for a mistrial based on violations of the rule of sequestration. This motion was denied and the victim later returned to the stand to give testimony concerning the return of the handbag. Defendant now contends that it was error to permit the victim to tes-

tify again. However, it has often been held that a witness permitted to remain in the courtroom following their testimony may return to the stand even after hearing the testimony of other witnesses, and also that in the absence of a timely request the trial court does not err in failing to instruct the jury on the credibility of a witness who has heard the testimony of other witnesses. *Dunbar v. State*, 209 Ga. App. 97 (1) (432 SE2d 829).

8. Witness O'Brien was not permitted to testify for the State during its case-in-chief. However, this witness was allowed, over defendant's objection, to testify as a rebuttal witness giving rise to a contention that the jury improperly heard her testimony.

The exclusion of this witness from the State's case-in-chief has no relevance to her status as a rebuttal witness. *Leatherwood v. State*, 212 Ga. App. 342, 343 (3), 344 (441 SE2d 813). The purpose of rebuttal evidence is to refute or explain any or all of defendant's evidence. *Wheeler v. State*, 203 Ga. App. 831 (2), 833 (418 SE2d 112). Since this witness was able to give such testimony she was a proper rebuttal witness and the trial court did not err in permitting her to testify.

9. In the absence of any request, it was not error for the trial court to fail to charge specifically on alibi. *Rivers v. State*, 250 Ga. 288, 299 (8), 300 (298 SE2d 10).

10. With his final enumeration of error, defendant questions the sufficiency of the evidence to authorize his conviction. The victim identified defendant as the person who dragged her from the street to a garage where he beat her, including shoving her head against a wall, and robbed her. Defendant testified that he was a hapless passerby who found the victim unconscious and attempted to aid her only to have her awake and accuse him of the crimes committed against her by another. While there are conflicts in the State's evidence as to the chronology of the events and questions as to the relative credibility of witnesses, such issues are within the exclusive province of the jury. On appeal, we do not weigh the evidence but only determine whether it is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). In this case, the evidence is sufficient to authorize a rational trier of fact to conclude that defendant is guilty beyond a reasonable doubt of the crimes of which he has been convicted. *Jones v. State*, 220 Ga. App. 161 (1), 162 (469 SE2d 300); *Weeks v. State*, 220 Ga. App. 141, 143 (2) (469 SE2d 316).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED OCTOBER 11, 1996 —
RECONSIDERATION DENIED OCTOBER 24, 1996.

*Rodney S. Zell*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Charles E. Rogers, Assistant District Attorneys*, for appellee.