A02A0611. CAYLOR v. THE STATE.
(566 SE2d 33)

JOHNSON, Presiding Judge.

A jury found Larry Caylor guilty of aggravated assault and stalking. He was found not guilty of aggravated stalking. Caylor contends his trial counsel was ineffective for failing to object in three instances. We find no error and affirm Caylor's convictions.

---

[5] *Williams v. State,* 236 Ga. App. 190 (511 SE2d 561) (1999).
[6] See *Curry v. State,* 238 Ga. App. 511, 515 (2) (a) (519 SE2d 269) (1999).

Viewed in a light most favorable to support the jury's verdict, the evidence shows that in the spring of 1998, Caylor and his wife separated. Throughout that summer, Caylor continuously threatened his wife. Late in the night of September 21, 1998, Caylor drove up a long driveway to his mother-in-law's house, where his wife and two children were staying. He shined the lights of his car in the window of the house and then left. Soon thereafter, Caylor called the house and threatened his wife, saying there was no way she could run from him. He said that "if he had had a pistol he would have shot every one of us that night." This conversation was overheard by the victim's mother, who was listening in on another line. Caylor's wife called 911 and reported the incident to the sheriff's department.

The next morning, Caylor's wife drove their children to school. When she pulled onto the street in front of the school, she saw Caylor waiting in his car. As she pulled into the school drop-off area, Caylor followed and parked his car behind her. Caylor then got out of his car and approached his wife. When his wife got out of her van, Caylor pulled a knife out and grabbed her around the waist, holding the knife to her stomach. He threatened to "cut [her] guts out" if she did not get into the van. The victim resisted and was able to break free from Caylor. Caylor then fled the scene. This act was done in the presence of a number of witnesses.

To establish a claim of ineffective assistance of counsel, Caylor must show that trial counsel's performance fell below a reasonable standard of conduct and that there was a reasonable probability that the outcome of the case would have been different but for the deficient performance of counsel.[1] At the outset, we note that trial counsel secured an acquittal of the aggravated stalking charge. This circumstance strongly supports the conclusion that the assistance actually rendered by Caylor's trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render.[2] Moreover, the trial court's finding that Caylor received effective assistance of counsel must be upheld on appeal unless that finding is clearly erroneous.[3]

1. In his first enumeration of error, Caylor contends his trial counsel was ineffective for failing to object to an argument made by the state's counsel in closing argument. The prosecutor stated, "if this man is left free, you're going to read about another case. He's not going to listen to any judge's orders." Caylor correctly points out that it is improper for a prosecutor to argue during the guilt-innocence phase of a criminal trial that if found not guilty, a defendant poses a

---

[1] See *Milner v. State*, 271 Ga. 578, 579 (2) (522 SE2d 654) (1999).
[2] See *Green v. State*, 218 Ga. App. 648, 651 (3) (a) (463 SE2d 133) (1995).
[3] *Rutledge v. State*, 237 Ga. App. 390, 391-392 (2) (515 SE2d 1) (1999).

threat of future dangerousness.[4] However, in this case, defense counsel's decision not to object to the prosecutor's comments did not constitute ineffective assistance of counsel.

At the hearing on the motion for new trial, Caylor's trial counsel testified that he did not specifically recall thinking that the argument was a "future dangerousness" argument, but that he would not have objected on that ground in any event because it was a short statement and objecting would have drawn greater attention to the statement. According to trial counsel, while a curative instruction would have been given had he objected, "the jury would have been left with the impression that this is pretty important otherwise he wouldn't have objected to it, and for that reason, or those reasons I choose not to object in opening or closing unless it's really, really egregious." We find no reversible error. "Trial strategy and tactics do not equate with ineffective assistance of counsel."[5]

Moreover, any error in failing to object to the prosecutor's comment was harmless because the overwhelming evidence supporting the verdict renders it highly unlikely that this portion of the argument contributed to the verdict.[6] The evidence in this case included eyewitness testimony from individuals at the scene on the morning that Caylor attacked his wife, corroboration from the victim's mother as to the phone call made to the victim the previous night, and Caylor's admission that he had a knife and did grab his wife.

2. Caylor next alleges that trial counsel was ineffective for not objecting to remarks made by the prosecutor during his opening statement. These remarks asked the jurors to put themselves in the shoes of the victims. Again, trial counsel testified during the hearing on Caylor's motion for new trial that he did not object to the remarks because they were a short portion of the opening statement and objecting would focus undue attention on that particular aspect of the prosecutor's opening statement. Even though trial counsel felt the statements were improper, he did not think it was necessary to object because the comments were not a grievous offense. We find no reversible error.

Here, trial counsel's decision did not result from inadequate preparation, but from choices of trial strategy and tactics, which do not equate with ineffective assistance of counsel.[7] Moreover, even if trial counsel's performance was deficient on this ground, given the

---

[4] *Mason v. State*, 274 Ga. 79, 80 (2) (c) (548 SE2d 298) (2001).

[5] (Citation and punctuation omitted.) *Hines v. State*, 248 Ga. App. 752, 756 (3) (548 SE2d 642) (2001).

[6] *Wyatt v. State*, 267 Ga. 860, 865 (2) (b) (485 SE2d 470) (1997); *Nickerson v. State*, 248 Ga. App. 829, 832 (2) (a) (545 SE2d 587) (2001).

[7] *Hines*, supra.

overwhelming evidence against Caylor, we conclude that it is highly unlikely that the comments contributed to the jury's guilty verdict.[8]

3. Caylor argues that trial counsel's failure to object or request curative instructions to responses made by a state's witness on cross-examination constituted ineffective assistance of counsel. We disagree. The record shows that the following dialogue occurred as Caylor's trial attorney cross-examined a police officer:

Q: And you attempted . . . to get [Caylor] to make a statement?
A: I attempted to get him to make a statement, yes sir. I read a *Miranda* form to him and explained his rights, had him sign the form. At that time Mr. Caylor invoked his rights to legal counsel, so there was no interview.

Trial counsel then asked:

Q: And as far as you knew at that point Mr. Caylor did not have an attorney representing him?
A: As far as I knew. I mean, we do the standard procedure where we go over an extensive form explaining his *Miranda* rights to be sure he understands his rights, have him sign the form, and at that point he invoked his constitutional right to an attorney, so at that point we did not speak with him any further which is standard.

According to trial counsel, he did not object because he did not want to draw unnecessary attention to the comments. Trial counsel further testified that he

made a decision not to deal with that particular aspect of [the witness'] testimony because I believe we made the decision that Mr. Caylor was in fact going to testify at that trial, and we would explain that, hopefully, through Mr. Caylor's testimony, and that it is in fact a Constitutional Right not to incriminate oneself or to speak with the police.

First, trial counsel's actions in choosing not to object or request a curative instruction to avoid calling attention to Caylor's assertion of his right to remain silent were strategic in nature and do not equate with ineffective assistance of counsel.[9] Second, in order to warrant reversal of a conviction, the evidence of a defendant's choice to

---

[8] See *Green v. State*, 249 Ga. App. 546, 554 (4) (547 SE2d 569) (2001).

[9] *Mitchell v. State*, 242 Ga. App. 177, 182 (4) (b) (529 SE2d 169) (2000).

remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury.[10] This was simply not the case here. In the present case, Caylor was merely shown to have exercised the rights of which he had just been informed, and there was nothing linking this conduct to any inference of guilt. Thus, any constitutional error was harmless, and we find no error in the trial court's conclusion that Caylor did not establish ineffective assistance of counsel in this regard.[11]

Moreover, even if trial counsel performed deficiently in failing to object to the testimony, we conclude that, in all likelihood, the failure to object did not contribute to the proceeding's outcome. In light of the overwhelming evidence presented in the case, no prejudice resulted from trial counsel's failure to raise a Fifth Amendment objection.[12]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED MAY 14, 2002.

*Edgar A. Callaway, Jr.*, for appellant.
*W. Kendall Wynne, Jr., District Attorney*, for appellee.

---

[10] *Mitchell v. State*, 223 Ga. App. 319, 321 (6) (477 SE2d 612) (1996).
[11] See id.
[12] See *Wallace v. State*, 272 Ga. 501, 504 (3) (a) (530 SE2d 721) (2000).