A05A1963. TERRELL v. THE STATE.
(622 SE2d 434)

BLACKBURN, Presiding Judge.

Following a jury trial, Telethia Terrell was convicted of voluntary manslaughter and possession of a knife during the commission of a felony. Terrell moved for a new trial on the ground that she received ineffective assistance of counsel. After a hearing, the trial court denied the motion, and Terrell now appeals. For the reasons set forth below, we affirm.

Construed in favor of the verdict, the record shows that on June 7, 2000, an argument between Phidias Lawrence, some of his friends, and several of Terrell's relatives escalated into a fight that ended with Terrell fatally stabbing Lawrence. See *Escutia v. State*.[1] Terrell was indicted for one count of voluntary manslaughter and one count of possession of a knife during the commission of a felony. Prior to trial, Terrell's trial counsel and the district attorney discussed a plea bargain, but no agreement was reached and the case proceeded to trial.

At trial, Terrell's defense was that her actions were justified because she was coming to the aid of her uncle who was being beaten by Lawrence. Charged on the defense of justification, the jury found Terrell guilty on all counts. The trial court imposed a fifteen-year sentence for the first count and a five-year sentence on the second count, with Terrell to serve twelve years incarcerated and the remainder on probation.

---

[1] *Escutia v. State*, 277 Ga. 400, 402 (2) (589 SE2d 66) (2003).

After her conviction, Terrell was appointed new counsel and filed a motion for a new trial, arguing that her trial counsel provided ineffective assistance of counsel. Specifically, Terrell contended that her trial counsel was ineffective because he failed to engage in plea negotiations, failed to communicate a proposed plea agreement, and failed to put her good character into evidence. After an evidentiary hearing, at which both Terrell and her trial counsel testified, the trial court denied Terrell's motion. This appeal followed.

1. In her first enumeration of error, Terrell argues that she received ineffective assistance of counsel because her trial counsel failed to meaningfully engage in plea negotiations and failed to meaningfully communicate a proposed plea agreement. We disagree and affirm the trial court's judgment.

To prevail on a claim of ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense of the case. *Strickland v. Washington.*[2] See also *Kelly v. State.*[3] Trial counsel is afforded a strong presumption that his conduct and decisions are reasonable. *Strickland*, supra at 689 (III) (A); *Kelly*, supra. Moreover, we will uphold the trial court's determination as to counsel's effectiveness unless it is clearly erroneous. *Graham v. State.*[4]

Terrell initially contends that her trial counsel provided ineffective assistance because he failed to engage the district attorney in plea negotiations. Even if the evidence suggested that this contention were true, we have held that failure to initiate plea negotiations does not constitute ineffective assistance of counsel. See *Avans v. State.*[5] Regardless, Terrell's contention is belied by her own testimony of a plea bargain offered the day of trial. Her contention is further belied by the testimony of her trial counsel and statements made by the district attorney, where both stated that plea discussions were held but were unsuccessful.

Terrell also argues that she received ineffective assistance because her trial counsel failed to meaningfully communicate a proposed plea agreement to her. "Objective professional standards dictate that a defendant, absent extenuating circumstances, is entitled to be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him. For counsel to do otherwise amounts to less than reasonably professional assistance."

---

[2] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).
[3] *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).
[4] *Graham v. State*, 269 Ga. App. 590, 594 (4) (604 SE2d 651) (2004).
[5] *Avans v. State*, 251 Ga. App. 575, 576 (554 SE2d 766) (2001).

*Lloyd v. State.*[6] Prejudice resulting from counsel's errors can only be shown by an indication that the defendant would have been amenable to the State's offer. Id.

In contrast to Terrell's contentions, her trial counsel testified he communicated the fact that the State made a plea offer recommending a sentence in the "high teens." Her trial counsel further testified that he communicated the consequences related to this plea when he advised her that it would entail a sentence only slightly shorter than the maximum she could receive upon conviction. Terrell claims that no plea bargain was discussed until the day of her trial, and that this plea offer of seven years was not adequately discussed. In contrast, Terrell's trial counsel denied that such an offer was made. Since determining the credibility of witnesses is a matter left to the trial court's discretion, we find that the trial court did not err in denying Terrell's motion for new trial based on ineffective assistance of counsel. See *Joiner v. State;*[7] *Strickland,* supra at 687 (III).

2. In her second enumeration of error, Terrell contends that her trial counsel provided ineffective assistance by failing to introduce good character evidence and by failing to request a jury charge on good character. This contention is without merit.

According to Terrell's trial counsel, his decision to assert a defense based on justification rather than on Terrell's good character was a strategic decision based upon his reasonable assessment of the case. Trial tactics and strategy, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them. *Brantley v. State.*[8] More specifically, we have held that trial counsel's decision to not place the defendant's character in issue is a matter of trial tactics and does not equate with ineffective assistance of counsel. *Ney v. State;*[9] *Owens v. State.*[10] Terrell has not shown that her trial counsel's performance was patently unreasonable or otherwise deficient. *Strickland,* supra at 689 (III) (A). The trial court did not clearly err in finding counsel's performance to be adequate.

Because Terrell failed to establish that her trial counsel's performance was deficient, our inquiry need not go beyond the first prong of the *Strickland* test. See id. at 687 (III); *Williams v. State.*[11]

---

[6] *Lloyd v. State,* 258 Ga. 645, 648 (2) (a) (373 SE2d 1) (1988).

[7] *Joiner v. State,* 245 Ga. App. 415, 416 (3) (537 SE2d 792) (2000).

[8] *Brantley v. State,* 271 Ga. App. 733, 737 (1) (611 SE2d 71) (2005).

[9] *Ney v. State,* 227 Ga. App. 496, 501 (4) (d) (489 SE2d 509) (1997).

[10] *Owens v. State,* 207 Ga. App. 153, 155 (1) (427 SE2d 529) (1993).

[11] *Williams v. State,* 218 Ga. App. 785, 788 (3) (463 SE2d 372) (1995).

Accordingly, the trial court did not err in denying Terrell's motion for new trial based on ineffective assistance of counsel.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 25, 2005.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Lew S. Barrow, Assistant District Attorney*, for appellee.

