A08A0774. ROUSE v. THE STATE.
(660 SE2d 476)

BLACKBURN, Presiding Judge.

Following a jury trial, Ashley Lynn Rouse appeals her conviction on two counts of child molestation, contending that she received ineffective assistance of counsel. Specifically, Rouse argues that the trial court erred in denying her ineffective assistance claim based on her trial counsel's failure (1) to request a specific jury charge addressing alleged improper bolstering testimony, (2) to present any expert testimony, and (3) to elicit available favorable evidence and impeach the victim's testimony. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of

---

[9] *Lee v. American Central Ins. Co.,* 241 Ga. App. 650, 652 (4) (530 SE2d 727) (1999).

innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Punctuation omitted.) *Eady v. State.*[1] So viewed, the record shows that in 2005 Rouse, a 17-year-old, was babysitting at the house of long-time family friends. As Rouse sat on the sofa with the eight-year-old son, she put her hands in his pajama pants and touched his genitals. On another occasion, Rouse touched the boy again and took him to the bathroom where she exposed her breast and genitals to him. The boy related this behavior to his ten-year-old brother, who urged him to tell their parents, which the eight-year-old did.

The boys' parents called Rouse's parents, and the two families met to discuss the matter. When Rouse denied the accusations and declined to go to counseling, the victim's parents decided to call the Department of Family and Children Services, who contacted law enforcement. A member of the sheriff's department conducted a forensic interview in which the victim recounted the incidents.

Rouse was charged with two counts of child molestation and, following a jury trial, convicted and sentenced to ten years of probation, with the first two to be served in a probation detention center. Rouse hired new counsel and moved for a new trial, arguing ineffective assistance of counsel, which the trial court denied after a hearing at which trial counsel testified. Rouse now appeals.

1. Rouse contends that she received ineffective assistance of counsel at trial, in that her trial counsel failed to request a jury charge addressing testimony that improperly bolstered the credibility of the victim. We hold that Rouse waived this enumeration, and, moreover, evidence supported the trial court's finding that she did not carry her burden of showing ineffective assistance.

> To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

---

[1] *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

(Citations and punctuation omitted.) *Patel v. State*[2] (citing *Strickland v. Washington*[3]). "[A] claim of ineffective assistance of counsel is judged by whether counsel rendered reasonably effective assistance, not by a standard of errorless counsel or by hindsight." (Punctuation omitted.) *Stokes v. State*.[4] See *Sutton v. State*[5] (a "defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials") (punctuation omitted).

Here, Rouse bases her claim on her trial counsel's failure to request a specific jury charge addressing alleged improper bolstering of the victim's testimony. Having not argued the lack of a jury charge to the court below, Rouse has waived this argument on appeal. See *Winfrey v. State*.[6] Moreover, even if this issue were not waived, it fails on the merits.

First, Rouse correctly notes that her trial counsel was cognizant of the potential for bolstering and successfully moved in limine to prohibit the State from eliciting such testimony. Therefore, to the extent that Rouse's appeal alleges ineffective assistance based on a failure to object to improper bolstering, her argument fails, because, having successfully filed a motion in limine, trial counsel did not need to object to the evidence when it was introduced at trial.[7] See *Lewis v. State*;[8] *Harley-Davidson Motor Co. v. Daniel*[9] (following a motion in limine, "failure to object at trial when the evidence is introduced by the other party cannot constitute a waiver. Requiring another objection indeed may further highlight the inflammatory evidence, as well as unduly burden the trial court, which has already ruled on the issue").

With respect to whether Rouse's trial counsel should have requested a jury charge specifically addressing the alleged bolstering, we note that "[i]t is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Punctuation omitted.) *Campbell v. State*.[10] Thus, the "[f]ailure to give requested instructions in the exact

---

[2] *Patel v. State*, 279 Ga. 750, 751 (620 SE2d 343) (2005).

[3] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[4] *Stokes v. State*, 281 Ga. 825, 835 (8) (h) (642 SE2d 82) (2007).

[5] *Sutton v. State*, 238 Ga. 336, 338 (232 SE2d 569) (1977).

[6] *Winfrey v. State*, 286 Ga. App. 450, 454 (6) (a) (649 SE2d 561) (2007).

[7] Rouse does not assert that her trial counsel should have sought some other remedy, nor does she enumerate as error the actual admission of the alleged bolstering testimony as error. Indeed, Rouse at the hearing on the motion for new trial conceded that "there is not anything in the record that indicates that the trial court [affirmatively] let in any evidence that was inappropriate."

[8] *Lewis v. State*, 279 Ga. 69, 73 (5), n. 17 (608 SE2d 602) (2005).

[9] *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 286 (1) (260 SE2d 20) (1979).

[10] *Campbell v. State*, 248 Ga. App. 162, 166 (3) (545 SE2d 6) (2001).

language requested, where the charge given substantially covers the same principle, is not grounds for reversal." (Punctuation omitted.) Id.

Here, the trial court instructed the jury that in

> determining credibility or believability of witnesses, . . . it's for you [the jury] to determine what witness or witnesses you're going to believe and what witness or witnesses you're not going to believe if there are some you choose not to believe . . . you should believe the witness or witnesses that you think are best entitled to believe. You must determine what testimony you will believe and what testimony you will not believe . . . it's for you to determine whether or not a witness has been impeached and to determine the credibility of that witness and the weight that their testimony shall receive as you consider the case.

Because this substantially covers the principle of credibility being solely the province of the jury (and not of a witness), and as "[q]ualified jurors under oath are presumed to follow the instructions of the trial court" (punctuation omitted), *Holmes v. State*,[11] we do not find trial counsel performed deficiently by failing to request a more specific charge, especially since no evidence was elicited at the motion for new trial hearing as to whether the decision not to seek the charge was strategic. Id. ("[i]n the absence of testimony to the contrary, counsel's actions are presumed strategic") (punctuation omitted). See also *King v. State*[12] ("[d]ecisions about which jury charges to request are strategic and provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them") (punctuation omitted).

Moreover, we note that Rouse's trial counsel pursued a trial strategy that minimized the potential prejudice of any bolstering. During closing argument, trial counsel emphasized evidence that the victim, on at least one occasion, mentioned some uncertainty about the abuse and raised the possibility that it was a dream. Accordingly, trial counsel argued that the victim was confused, and "for all I know, [the victim] may have come into this courtroom and believed that he was telling the truth, and he may have believed he was telling the truth when he met with the investigator. . . ." Trial counsel himself acknowledged that the victim's family believed the victim, but argued that the victim was inherently unreliable and confused, and pointed

---

[11] *Holmes v. State*, 273 Ga. 644, 648 (5) (c) (543 SE2d 688) (2001).
[12] *King v. State*, 282 Ga. 505, 507 (2) (a) (651 SE2d 711) (2007).

to evidence showing inconsistencies in the victim's account. Accordingly, in light of this strategy and the general instruction given to the jury, evidence supported a finding that trial counsel's failure to request a specific jury charge addressing bolstering did not so prejudice Rouse that there is a reasonable likelihood that, but for counsel's alleged errors, the outcome of the trial would have been different. Cf. *Woods v. State*[13] (ruling that trial counsel did not render ineffective assistance and that alleged bolstering did not require reversal as plain error).

2. Next, Rouse contends that trial counsel rendered ineffective assistance for failing to call an expert witness to testify on her behalf. We disagree.

Before trial, Rouse's trial counsel engaged an expert to review the videotape of the forensic interview conducted with the victim. The expert concluded that although the victim appeared to have a "story," the procedures followed in the interview were proper. Based on this, at the hearing on Rouse's motion for new trial, trial counsel explained that he did not find the expert's opinion helpful to the case, and he did not want to have to disclose the expert's report to the State. He further sought to avoid the State calling its own expert to reinforce the methods in the forensic interview, which the State indicated it would do if Rouse called an expert. "The determination as to which defense witnesses will be called is a matter of trial strategy and tactics." (Punctuation omitted.) *Noe v. State*.[14] The reasonable trial strategy and tactics undertaken here do not equate with ineffective assistance of counsel. Accordingly, this enumeration is without merit.

3. Finally, Rouse contends that her trial counsel was ineffective based on (a) his decision not to call her parents as witnesses, (b) his failure to elicit testimony as to Rouse's use of a sedative (to explain her calm demeanor) during a confrontation with the victim's parents, and (c) his failure to present evidence attacking the victim's reputation for truthfulness.

(a) *Failure to call Rouse's parents as witnesses*. At the motion for new trial, trial counsel explained that he did not call Rouse's parents as witnesses because he did not view them as persuasive witnesses in light of their relationship to the victim, and he was concerned that they would be sequestered from the trial if they testified. Further, Rouse's trial counsel testified that he involved the parents (and Rouse) in the major decisions as to trial strategy and tactics, and that if the parents had insisted on testifying, he would "probably have called them." In light of the evidence of trial counsel's consultation

---

[13] *Woods v. State*, 276 Ga. App. 99, 101-102 (622 SE2d 436) (2005).
[14] *Noe v. State*, 287 Ga. App. 728, 731 (2) (652 SE2d 620) (2007).

with Rouse and her parents, and in light of the strategic nature of the decision of which witnesses to call, we discern no error.

(b) *Failure to elicit testimony explaining Rouse's demeanor during confrontation.* At trial, there was testimony that Rouse seemed passive, unemotional, and not surprised when she was confronted by the victim's parents at a meeting between the families. On appeal, Rouse contends that her trial counsel should have elicited testimony that, at the time, she was under the influence of a sedative given to her by her parents, either by calling her parents to testify or through Rouse's testimony. This was not elicited; however, trial counsel stated that he did not consider the use of a sedative to be a significant fact, and he did elicit from Rouse during her direct testimony (1) that she had earlier been accused of the acts by the victim's mother on the phone (explaining her lack of surprise), and (2) that she was "upset" and "floored" when the accusations were made. On cross-examination, Rouse further emphasized that she was "emotional" and "shocked" at the face-to-face meeting. In light of this evidence, even if trial counsel's failure to elicit testimony regarding the sedative was deficient performance, we find evidence supporting a ruling that it did not "so prejudice [Rouse] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." (Punctuation omitted.) *Patel v. State*, supra, 279 Ga. at 751.

(c) *Failure to present evidence attacking the victim's reputation for credibility.* At trial, counsel called five witnesses to testify as to Rouse's reputation for truthfulness. On appeal, Rouse contends that trial counsel could have elicited testimony from one of these witnesses (who taught the victim in Sunday school) that the *victim* had a bad reputation for truthfulness.

At the motion for new trial hearing, trial counsel conceded that he did not seek such information from the witness, but he was not asked and did not explain his rationale for not doing so. "In the absence of testimony to the contrary, counsel's actions are presumed strategic." (Punctuation omitted.) *Holmes v. State*, supra, 273 Ga. at 648 (5) (c). "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Punctuation omitted.) *Grier v. State*.[15] Moreover, to the extent that trial counsel's examination could be characterized as inadequate, we find no clear error in the trial court's finding that trial counsel's error, if any, did not so prejudice Rouse as to have given rise to a reasonable likelihood of a different outcome absent such an error.

---

[15] *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001).

In light of the facts of this case, the strategy pursued by trial counsel, and the lack of clear error by the trial court, we affirm.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 3, 2008.

*Amanda N. Gluck*, for appellant.

*Kelly R. Burke*, District Attorney, *Jason E. Ashford, Joshua D. Morrison*, Assistant District Attorneys, for appellee.