## A09A1103. SARRATT v. THE STATE.

(683 SE2d 10)

JOHNSON, Presiding Judge.

A jury found Robin Keith Sarratt guilty of one count of child molestation (Count 4) involving six-year-old A. W. and one count of aggravated child molestation (Count 6) and three counts of child molestation (Counts 8, 9 and 10) involving four-year-old C. W. The court directed a verdict on a number of other counts. Sarratt appeals, alleging (1) the trial court should have directed a verdict of acquittal on all charges, (2) he received ineffective assistance of trial counsel, and (3) three of his convictions should have merged for sentencing purposes. We find no harmful error and affirm Sarratt's convictions.

1. Sarratt first enumerates as error the trial court's failure to grant directed verdicts of acquittal on all charges. However, the record shows that he only asked for a directed verdict on Counts 1, 4, and 10. The trial court granted a directed verdict on Count 1, but denied a directed verdict on the other two counts. As for Counts 6, 8, and 9, the record shows that Sarratt did not request a directed verdict of acquittal on these counts. Since this Court cannot consider matters raised for the first time on appeal, Sarratt has waived his right to argue that the trial court should have granted a verdict of acquittal as to Counts 6, 8, and 9.[1]

Furthermore, the trial court did not err in refusing to grant a directed verdict as to Counts 4 and 10. The standard of review for a directed verdict of acquittal is the same as that for determining the sufficiency of the evidence to support a conviction: we construe the evidence in a light most favorable to support the jury's verdict to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] The verdict will be upheld as long as there is some evidence, even though contradicted, to support each necessary element of the state's case.[3]

Viewed in that light, the record shows that Count 4 charged Sarratt with child molestation for placing his hand on the genital area of A. W., and Count 10 charged Sarratt with child molestation for placing his hand on the genital area of C. W. Sarratt contends the evidence demanded a directed verdict of acquittal because the victims made numerous "bizarre" accusations against other people and he was in jail during most of the time the acts allegedly took place. However, it is the function of the jury, not this Court, to weigh the evidence, resolve any conflicts in the evidence, and determine the

---

[1] See *Rogers v. State*, 191 Ga. App. 855 (1) (383 SE2d 331) (1989).

[2] See *Tanner v. State*, 259 Ga. App. 94 (1) (576 SE2d 71) (2003).

[3] See *Phillips v. State*, 284 Ga. App. 683, 684 (1) (a) (644 SE2d 535) (2007).

credibility of the witnesses.[4]

Here, the jury heard evidence from the victims through their testimony. This evidence included A. W.'s testimony that Sarratt gave her a "bad touch" on her private parts with his hands, and C. W.'s testimony that Sarratt made her uncomfortable when he touched her bottom with his hands. This testimony alone would have been sufficient to convict Sarratt on the charges alleged in the indictment since Georgia law does not require corroboration of a child molestation victim's testimony.[5] But here there is also corroborating testimony from a psychologist who interviewed both victims. This psychologist testified that A. W. told her more than once that Sarratt touched her private parts with his hands and C. W. consistently told her that Sarratt touched her private parts. A caseworker also corroborated the victims' testimony. Again, the victims' credibility is a matter for the jury's assessment, not this Court's.[6] The trial court correctly denied Sarratt's motion for a directed verdict of acquittal on those counts.

2. Sarratt contends he received ineffective assistance of trial counsel because his trial counsel (a) failed to hire an expert witness to explain the child victims' allegations, (b) failed to file a special demurrer requiring the state to allege specific dates of molestation, (c) put his character into evidence by bringing out criminal activity not related to the case, and (d) failed to file a *Bruton*[7] motion before trial or request a mistrial when a witness testified that Sarratt's wife suspected he was abusing the children. These arguments lack merit.

To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[8] Here, the trial court found that Sarratt received effective assistance of counsel at trial. The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[9] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the

---

[4] See *Frady v. State*, 245 Ga. App. 832 (1) (a) (538 SE2d 893) (2000).

[5] See *Malone v. State*, 277 Ga. App. 694, 696 (1) (627 SE2d 378) (2006); *Carr v. State*, 214 Ga. App. 367 (1) (448 SE2d 33) (1994).

[6] See *Foster v. State*, 286 Ga. App. 250, 252 (1) (649 SE2d 322) (2007); *Tadic v. State*, 281 Ga. App. 58, 59 (2) (635 SE2d 356) (2006).

[7] *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

[8] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).

[9] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

wide range of reasonable professional assistance.[10] We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial court could not reliably have produced a just result.[11]

We first note that trial counsel successfully obtained directed verdicts of acquittal on a number of the charges against Sarratt. "This circumstance strongly supports the conclusion that the assistance actually rendered by [Sarratt's] trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render."[12]

(a) While Sarratt argues his trial counsel was ineffective for failing to hire an expert witness to testify regarding the child victims' allegations, Sarratt failed to produce such an expert at the hearing on the motion for new trial, and he did not proffer evidence which would show how such an expert would have changed the outcome of the case. "When assessing the prejudicial effect of defense counsel's failure to call a witness, a petitioner is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case."[13] Absent such a showing, we cannot find that trial counsel was ineffective for failing to hire such an expert.

In addition, trial counsel testified that he had used such experts in the past, but did not believe an expert was necessary in the present case because the interviews were properly conducted. "The determination as to which defense witnesses will be called is a matter of trial strategy and tactics."[14] And trial strategy and tactics do not equate with ineffective assistance of counsel.[15] Sarratt has not met his burden of proving that trial counsel's performance was deficient or that but for his trial counsel's failure to call an expert witness, the outcome of the trial would have been different.

(b) Sarratt next claims his trial counsel was ineffective for failing to file a special demurrer regarding the time frame for the molestation claims. However, Sarratt never raised this issue in his motion for new trial or the amended motion for new trial filed by appellate counsel. And this issue was never raised or argued in the hearing on the motion for new trial. "This constitutes a failure to assert the

---

[10] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).

[11] *Glass v. State*, 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002).

[12] (Citation omitted.) *Caylor v. State*, 255 Ga. App. 362, 363 (566 SE2d 33) (2002).

[13] (Citation and punctuation omitted.) *Tadic*, supra at 60 (3).

[14] (Citation and punctuation omitted.) *Rouse v. State*, 290 Ga. App. 740, 744 (2) (660 SE2d 476) (2008).

[15] See *Noe v. State*, 287 Ga. App. 728, 731 (2) (652 SE2d 620) (2007).

matter at the earliest practicable opportunity and, thus, is a waiver of the right to pursue it on appeal."[16]

(c) Sarratt contends his trial counsel was ineffective because he introduced Sarratt's character into evidence by bringing out criminal activity not related to the case being tried. Sarratt's trial counsel, however, testified that he intentionally introduced evidence of Sarratt's criminal record as a trial strategy after consultation with Sarratt. Trial counsel reasoned:

> it was important that the jury be aware of the fact that during a large portion of the time, when the children were saying they were being abused, Mr. Sarratt was nowhere around them. That while he was being incarcerated there were other men in the mother's life that could have been doing this. And as far as just saying that he wasn't around, without saying he was locked up, quite frankly, he was planning to testify. . . . It was going to come out that he had a long criminal history anyway.

According to trial counsel, introducing the criminal history also showed the jury that Sarratt had committed minor offenses like shoplifting, not "bad things" like child molestation. It is undisputed that this trial strategy has worked in the circuit before. We find no ineffective assistance of counsel.

"Trial tactics and strategy, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them."[17] Sarratt has not shown that his trial counsel's performance was patently unreasonable or otherwise deficient. The trial court did not clearly err in finding trial counsel's performance to be adequate.

(d) Sarratt's wife was a co-defendant in the case, and Sarratt argues he received ineffective assistance of counsel because his trial counsel did not file a *Bruton* motion or object when a detective testified that Sarratt's wife told him she was "suspicious" of Sarratt. However, the Supreme Court of Georgia has held that *Bruton* "only excludes statements by a non-testifying co-defendant that directly inculpate the defendant, and that *Bruton* is not violated if a co-defendant's statement does not incriminate the defendant on its face and only becomes incriminating when linked with other evi-

---

[16] *Cotton v. State*, 279 Ga. 358, 361 (5) (613 SE2d 628) (2005).
[17] *Terrell v. State*, 276 Ga. App. 102, 104 (2) (622 SE2d 434) (2005).

wide range of reasonable professional assistance.[10] We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial court could not reliably have produced a just result.[11]

We first note that trial counsel successfully obtained directed verdicts of acquittal on a number of the charges against Sarratt. "This circumstance strongly supports the conclusion that the assistance actually rendered by [Sarratt's] trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render."[12]

(a) While Sarratt argues his trial counsel was ineffective for failing to hire an expert witness to testify regarding the child victims' allegations, Sarratt failed to produce such an expert at the hearing on the motion for new trial, and he did not proffer evidence which would show how such an expert would have changed the outcome of the case. "When assessing the prejudicial effect of defense counsel's failure to call a witness, a petitioner is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case."[13] Absent such a showing, we cannot find that trial counsel was ineffective for failing to hire such an expert.

In addition, trial counsel testified that he had used such experts in the past, but did not believe an expert was necessary in the present case because the interviews were properly conducted. "The determination as to which defense witnesses will be called is a matter of trial strategy and tactics."[14] And trial strategy and tactics do not equate with ineffective assistance of counsel.[15] Sarratt has not met his burden of proving that trial counsel's performance was deficient or that but for his trial counsel's failure to call an expert witness, the outcome of the trial would have been different.

(b) Sarratt next claims his trial counsel was ineffective for failing to file a special demurrer regarding the time frame for the molestation claims. However, Sarratt never raised this issue in his motion for new trial or the amended motion for new trial filed by appellate counsel. And this issue was never raised or argued in the hearing on the motion for new trial. "This constitutes a failure to assert the

[10] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).

[11] *Glass v. State*, 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002).

[12] (Citation omitted.) *Caylor v. State*, 255 Ga. App. 362, 363 (566 SE2d 33) (2002).

[13] (Citation and punctuation omitted.) *Tadic*, supra at 60 (3).

[14] (Citation and punctuation omitted.) *Rouse v. State*, 290 Ga. App. 740, 744 (2) (660 SE2d 476) (2008).

[15] See *Noe v. State*, 287 Ga. App. 728, 731 (2) (652 SE2d 620) (2007).

Sarratt's convictions. Thus, there can be no ineffective assistance of trial counsel in failing to file a *Bruton* motion or request a mistrial when the statement was introduced at trial.

3. In a three-sentence argument containing no citation to the record or to authority, Sarratt contends the trial court erred in failing to merge his convictions on Counts 8, 9, and 10. These three counts involved alleged acts of molestation against C. W., and, according to Sarratt, they all "contain one series of acts or one act of child molestation." We agree with the trial court that merger was not appropriate in this case.

Offenses merge as a matter of fact if one of them is established by proof of the same or less than all the facts required to prove the other.[20] Here, Count 8 accused Sarratt of placing his penis against the genital area of C. W., Count 9 accused Sarratt of having C. W. lick his buttocks, and Count 10 accused Sarratt of placing his hand on the genital area of C. W. Contrary to Sarratt's argument, the evidence in the record established that each of these counts was a separate and distinct crime that was completed before Sarratt perpetrated the next.[21] Therefore, the crimes do not factually merge.

Even if the acts were committed during the same period of time, Sarratt's argument does not prevail.

> Where the evidence shows that one crime was complete before the other occurred, the crimes do not factually merge. In other words, where the crimes are separate and sequential, even though following one another by only minutes if not mere seconds, they are not based on the same conduct.
>
> This principle has been specifically applied to the child molestation area, so that the defendant's fondling of a young female's breasts and vaginal area immediately prior to forcing intercourse upon her constituted two separate crimes of child molestation (fondling) and rape (intercourse) and did not factually merge.[22]

Where, as here, sequential but entirely separate crimes were committed against the same victim, a conviction and sentence for all three crimes is authorized.[23] The trial court did not err in refusing to

---

[20] OCGA § 16-1-6 (1).

[21] See *Gable v. State*, 222 Ga. App. 768, 770 (3) (476 SE2d 66) (1996).

[22] (Citations and punctuation omitted.) *Hill v. State*, 295 Ga. App. 360, 365 (671 SE2d 853) (2008).

[23] See *Graham v. State*, 239 Ga. App. 429, 434-435 (6) (521 SE2d 249) (1999); *Baker v. State*, 211 Ga. App. 515, 515-516 (1) (439 SE2d 668) (1993).

merge the three counts.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED JULY 10, 2009 —
RECONSIDERATION DENIED AUGUST 6, 2009.

*James C. Wyatt*, for appellant.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Rosemary M. Greene, Assistant District Attorneys*, for appellee.