A03A1769. MORTON v. THE STATE.
(594 SE2d 664)

ADAMS, Judge.

Charlene Morton was convicted by a jury of voluntary manslaughter. Morton was originally indicted for murder, felony murder, and aggravated assault in connection with the shooting death of

Charles Lowe. She confessed to the shooting, but claimed that she had acted in self-defense. After the jury found Morton guilty of voluntary manslaughter on the malice murder count, the trial judge sentenced her to 20 years, to serve 15. Although the jury also found Morton guilty of felony murder and aggravated assault, the trial judge merged those counts. Morton filed this appeal after the trial court denied her amended motion for new trial.

1. Morton asserts that the trial court erred in denying her motion because she claims that her trial counsel was ineffective in failing to sufficiently challenge her competence to stand trial and to raise the issue of her mental condition at the *Jackson v. Denno* hearing. She contends that her attorney should have conducted further investigation into the issue and should have hired an independent psychiatric expert to examine her.

In evaluating whether a defendant received ineffective assistance of counsel, we apply "the two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), under which the convicted defendant is required to show both that counsel's performance was deficient and that the deficiency prejudiced the defense." (Citation and punctuation omitted.) *Scieszka v. State*, 259 Ga. App. 486, 488 (2) (578 SE2d 149) (2003). And we will affirm a trial court's determination that the defendant received effective assistance of counsel unless it is clearly erroneous. *Cooper v. State*, 258 Ga. App. 825, 833-834 (7) (575 SE2d 691) (2002).

To prevail on her claim of ineffective assistance of counsel, Morton must overcome a strong presumption that her trial counsel's performance fell within the broad range of reasonable professional conduct:

> The decisions on which witnesses to call, whether and how to conduct cross-examination, which jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of counsel after consultation with the client. Trial counsel's strategic decisions made after thorough investigation are virtually unchallengeable. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.

(Citation and footnote omitted.) *Pippins v. State*, 263 Ga. App. 453, 457-458 (4) (a) (588 SE2d 278) (2003). See also *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).

The record shows that Morton's trial counsel has 27 years of experience as a criminal lawyer. After her arrest, Morton was evalu-

ated at Grady Memorial Hospital as criminally responsible, but not then competent to stand trial. Morton's trial counsel subsequently petitioned for a psychological evaluation to address the issue of her competency. The motion was granted, and Morton was transferred to Georgia Regional Hospital for assessment. After the initial evaluation indicated that Morton was incompetent at that time to stand trial, her trial counsel filed a special plea of incompetency to stand trial. In response, the trial court ordered that Morton be transferred to the Department of Human Resources for further evaluation.

Afterward, Morton continued treatment and evaluation at Georgia Regional in an effort to restore her competency. This process included treatment with medication in conjunction with legal training, which orients patients about the criminal justice system, including specific discussions regarding the patient's case. During this period, Morton complained to the Georgia Regional staff about auditory hallucinations, saying that she heard voices telling her to kill herself. At the hearing on Morton's motion for new trial, a forensic psychiatrist from Georgia Regional testified that such hallucinations can result from medication, psychosis, or depression, or they can be feigned. Although initially the staff determined that Morton was not competent to stand trial, within approximately one month she began to show signs that she understood aspects of the legal system. Georgia Regional's ultimate diagnosis for Morton was multiple drug dependence and "malingering,"[1] and she was released as competent to stand trial. The staff based their diagnosis of malingering on their observations that, other than her complaints about hearing voices, Morton showed no signs of psychosis. She was able to play cards and converse with other patients and only seemed to "shut down" when she interacted with staff members. At the time of her release, Morton was no longer on medication.

After this second diagnosis, Morton's trial attorney decided not to petition the court for funds to hire an independent psychiatric expert because he believed Morton was competent to stand trial. He testified that she was able to discuss the events at issue and to assist him in formulating a defense. Georgia Regional's diagnosis of malingering also played a part in his decision. But Morton contends that her counsel should have pursued the issue further. She also asserts that her attorney should have questioned the diagnosis of malingering in light of her prior history.

We find no clear error, however, in the trial court's determination that Morton received effective assistance of counsel. When Mor-

---

[1] The Georgia Regional doctor defined "malingering" as "the intentional production of symptoms for the purpose of secondary gain. The symptoms are not real, they're feigned."

ton's attorney received the first Georgia Regional report of incompetency, he petitioned the court for a second psychiatric examination and evaluation. The second evaluation, which occurred after a five-week period of treatment, indicated that Morton was then competent to stand trial.

Morton has failed to show that her trial counsel was unreasonable in relying upon the second evaluation. See *Domingues*, 277 Ga. at 374-375 (2). The attorney's own observations were consistent with that evaluation as Morton was able to discuss her case and assist him in her defense. Morton has furnished no evidence to contradict her trial counsel's observations. Nor has Morton demonstrated that additional investigation would have caused a reasonable attorney to question the Georgia Regional report. The attorney stated at the hearing on the motion for new trial that he was aware that Morton had received Social Security for mental disability and had a history of substance abuse. This information was also known to the Georgia Regional staff when they reached their conclusions regarding Morton's competency.

In addition, although Morton asserts that her attorney should have petitioned the court for an expert to testify as to her mental competence in the *Jackson v. Denno* hearing, her attorney was not questioned on this issue at the hearing on her motion for new trial. Consequently, Morton did not make "the necessary affirmative showing" that the failure to retain an expert "was deficient performance on the part of trial counsel and not the result of conscious and deliberate trial strategy." (Citation omitted.) *Prince v. State*, 277 Ga. 230, 234 (3) (587 SE2d 637) (2003). Moreover, Morton's attorney did raise the issue of her mental state at the *Jackson v. Denno* hearing through cross-examination and argument. See *Luallen v. State*, 266 Ga. 174, 176 (3) (a) (465 SE2d 672) (1996).

Morton's attorney's performance was within the broad range of reasonable professional conduct, and we affirm the trial court's ruling that trial counsel was not ineffective. *Luallen v. State*, 266 Ga. at 176 (3) (a).

2. Morton further asserts that the trial court erred in denying her ex parte motion for funds to hire an independent psychiatric expert. When a defendant moves for funds to hire post-trial expert assistance, the decision whether to grant or deny the motion lies within the sound discretion of the trial court, and some special need must be demonstrated to the trial court to grant funds for such an expense. *Totten v. State*, 276 Ga. 199, 200 (577 SE2d 272) (2003); *Wilson v. State*, 250 Ga. 630, 633 (2) (a) (300 SE2d 640) (1983). Based upon our review of the record and the ex parte pleadings and hearing, we find no abuse of discretion by the trial court in denying Morton's motion.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 4, 2004.

*Adeline A. Johnson*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.