## A05A0871. PARKER v. THE STATE.
### (616 SE2d 139)

BLACKBURN, Presiding Judge.

Following his conviction by a jury of armed robbery[1] and the denial of his motion for new trial, Corey Parker appeals, arguing solely that he received ineffective assistance of counsel because his attorney failed to move to suppress a photographic lineup. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that Parker entered a convenience store, pulled a gun on the store clerk, Fernando Colon, and forced Colon to give him all the money in the cash register. A security camera recorded the robbery in progress, and, after a police officer who knew Parker reviewed the videotape, he informed a detective on the case that he thought the robber was Parker. Colon then identified Parker as the robber from a photographic lineup, and Parker was arrested. Colon also identified Parker as the robber at trial. Later, Parker, after being advised of his *Miranda* rights, confessed to the armed robbery.

In a single enumeration of error, Parker maintains that his trial counsel rendered ineffective assistance because he failed to file a motion to suppress the photographic lineup. Generally,

---

[1] OCGA § 16-8-41.

[t]he burden of establishing the ineffective assistance of trial counsel is a heavy one that requires an appellant to establish both that counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's deficient performance, there is a reasonable probability that the outcome of the trial would have been different. Regarding this second prong, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings, he must establish a reasonable probability that but for the error, his trial would have ended differently. A failure to make a sufficient showing on either of these prongs will be fatal to a claim of ineffective assistance.

(Punctuation and footnotes omitted.) *Wallace v. State.*[2] "When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." *Richardson v. State.*[3]

We find that Parker has failed to satisfy either prong of the ineffective assistance of counsel analysis. First, he has not shown that trial counsel's performance was deficient.

A photographic lineup is inadmissible if it meets both prongs of a two-part test enunciated by the United States Supreme Court in *Simmons v. United States.*[4] "The first inquiry is whether the photographic display was impermissibly suggestive. Only if it was, need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification." *Payne v. State.*[5] Parker contends that the photographic lineup was impermissibly suggestive. We disagree.

The photographic lineup consisted of a card with the photographs of six young black males on the card. "Contrary to [Parker's] assertions, the lineup does not highlight him; his picture is not noticeably different from the other pictures, nor is his picture positioned differently." *Pinson v. State.*[6] The lineup was shown to Colon about a week after the robbery. The police officer testified that he read Colon the photographic lineup admonition and did not suggest by word or otherwise whom Colon should pick. When shown the card, Colon identified Parker as the man who had robbed him. Nothing about this identification procedure was impermissibly suggestive.

---

[2] *Wallace v. State,* 272 Ga. 501, 503-504 (3) (530 SE2d 721) (2000).

[3] *Richardson v. State,* 276 Ga. 548, 553 (3) (580 SE2d 224) (2003).

[4] *Simmons v. United States,* 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968).

[5] *Payne v. State,* 233 Ga. 294, 299 (210 SE2d 775) (1974).

[6] *Pinson v. State,* 266 Ga. App. 254, 262 (5) (596 SE2d 734) (2004).

Thus, Parker has shown no basis upon which counsel could have moved to have the identification suppressed. *Dye v. State.*[7]

Parker points out that Colon described him at trial as having hair that was "curly and twisted," and that only two of the photographs in the photographic lineup, his own and another's, showed persons with twisted hair. Based on this fact, he argues that the lineup was impermissibly suggestive. We find no merit in this argument. As noted above, the police officer read Colon the photographic admonition. That admonition states that, when viewing the lineup, a witness "should also consider the fact that hair styles, facial hairs, scars, masks, etc. can be easily changed, added, or taken away." When questioned by the officer as to the basis of his identification, Colon told the officer that "the face looked familiar to him and he recognized the defendant — the suspect's nose. He said it was kind of long and that looked just like him." Under these circumstances, we find no impropriety in the lineup. "Accordingly, [Parker's] trial counsel was not deficient in failing to seek suppression of this evidence." *Dye,* supra at 829 (2) (b).

Parker also fails to establish the second prong of the ineffective assistance analysis. Given the substantial evidence of Parker's guilt, including Colon's in-court identification of Parker as the man who robbed him and Parker's confession to the police, it is clear that, in all likelihood, the outcome of his trial would not have been different if trial counsel had moved to suppress the photographic lineup. *Wallace,* supra at 504.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED JUNE 21, 2005.

*Carolyn L. Mabe,* for appellant.
*Jeffrey H. Brickman, District Attorney, Elisabeth G. Mac-Namara, Leonora Grant, Assistant District Attorneys,* for appellee.

---

[7] *Dye v. State,* 266 Ga. App. 825, 829 (2) (c) (598 SE2d 95) (2004).