## A06A0364. WINFIELD v. THE STATE.
### (629 SE2d 548)

ELLINGTON, Judge.

In July 2003, a Bibb County jury convicted Glenn Winfield of aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Winfield filed a motion for new trial, contending he received ineffective assistance of counsel. He appeals from the denial of his motion. Finding no error, we affirm.

Viewed in favor of the jury's verdict,[1] the evidence showed the following relevant facts. On January 10, 2003, the victim and his teenaged son went to a Bibb County convenience store so the victim could cash a check. After cashing a $700 check, the victim stopped in the store to count his money. He could feel someone standing right behind him, so he stopped counting and walked out of the store. As the victim left, he saw an acquaintance, Kenny Hammond, standing near the door with a third man the victim did not know. The third man, whom the victim later identified as Winfield, asked the victim for a dollar, and the victim told Winfield he did not have any money. The victim got into his car and drove away.

After driving a block, the victim pulled his car into the parking lot of a different convenience store so that his son could get change for a $100 bill. While the victim's son was in the store, Winfield suddenly got into the victim's car, pointed a gun at the victim, and demanded the victim's money. The victim grabbed the gun and fought with Winfield while screaming for help. Winfield got out of the car and ran away. The victim drove around the area looking for Winfield before reporting the crime to the police. The next evening, the victim drove around the area and saw Winfield walking with a woman, and the victim called the police again. The victim subsequently identified Winfield from a photographic lineup as the man who tried to rob him. The victim also identified Winfield as the assailant at trial. The victim testified that he saw the face of the assailant several times and that he would "never forget [Winfield's] face in [his] life."

After the jury convicted Winfield on the aggravated assault and weapons charges, Winfield filed a motion for new trial. In his motion, Winfield argued that the evidence presented at trial was insufficient to support his conviction, contended the pretrial photographic lineup

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

was impermissibly suggestive, and challenged several other evidentiary and procedural rulings by the trial court. Winfield also contended that he received ineffective assistance of counsel. In a detailed, comprehensive order denying the motion for new trial, the court ruled upon each of the issues raised by Winfield.

On appeal from this order, Winfield challenges only the court's ruling on the ineffective assistance claim. Winfield contends that his trial counsel's representation was deficient because counsel failed to properly challenge the State's use of eyewitness identification evidence, failed to request a jury instruction on eyewitness identification, and failed to interview and subpoena a crucial defense witness.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003). Further, as a general rule,

> [t]he decisions on which witnesses to call, whether and how to conduct cross-examination, which jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of counsel after consultation with the client. Trial counsel's strategic decisions made after thorough investigation are virtually unchallengeable. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.

(Citations omitted.) *Morton v. State*, 265 Ga. App. 421, 422 (1) (594 SE2d 664) (2004).

1. Winfield contends his trial counsel should have filed a motion to suppress the victim's identification of him in the pretrial photographic lineup and should have objected to the State's use of the

lineup in its case-in-chief at trial.[2] He argues that counsel's testimony at the motion for new trial hearing demonstrated that counsel believed the lineup was impermissibly suggestive. Therefore, counsel's failure to object to the admission of the lineup was not a "tactical decision" but, instead, constituted ineffective assistance.

We note, however, that the trial court specifically ruled in its order denying the motion for new trial that the pretrial photographic lineup was not impermissibly suggestive as a matter of law. Winfield did not challenge this ruling on appeal. Given the trial court's ruling, it follows that Winfield cannot make a strong showing on appeal that a motion to suppress the pretrial identification on the basis that the lineup was impermissibly suggestive would have been granted or that an objection at trial on that basis would have been sustained. See *Parker v. State*, 273 Ga. App. 823, 824 (616 SE2d 139) (2005) ("When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion.") (citation, punctuation and footnote omitted). Therefore, he cannot show that counsel's failure to file such motion or to object at trial constituted deficient performance, and his ineffective assistance claim must fail. *Sweet v. State*, 278 Ga. 320, 322-323 (1) (602 SE2d 603) (2004) (because defendant failed to show that the pretrial identification procedure was unreliable or otherwise inadmissible, he could not show counsel was deficient for failing to file a motion to suppress the identification evidence on that basis).

2. Winfield argues that his trial counsel should have requested funds for hiring an expert witness to testify about the unreliability of eyewitness identifications that are based upon photographic lineups. He contends such expert testimony was crucial in this case because the State's case against him relied heavily on the victim's identification of him as the assailant.

At the motion for new trial hearing, counsel testified that he did not think an expert witness was necessary at trial because he believed that Winfield "stuck out like a sore thumb" in the photographic lineup and he argued that point to the jury. Although counsel later admitted that, on "hindsight," an expert may have pointed out problems with the lineup "a little more convincingly," this Court evaluates counsel's trial tactics and strategic decisions from counsel's perspective at the time of trial, without the benefit of hindsight, when ruling on an ineffective assistance claim. *Fielding v. State*, 278 Ga.

---

[2] Winfield also contends trial counsel should have objected to the victim's in-court identification of him as the assailant, arguing that it was improperly bolstered by evidence of the pretrial identification. He failed to support this contention in his brief, however, with either argument or authority. Therefore, it is deemed abandoned. See Court of Appeals Rule 25 (c) (2).

309, 311 (3) (602 SE2d 597) (2004); *Robinson v. State*, 278 Ga. 31, 37 (3) (d) (597 SE2d 386) (2004). In this case, counsel's testimony at the motion hearing demonstrates that the decision not to pursue an expert witness was a strategic decision and, as noted above, "matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Robinson v. State*, 278 Ga. at 37 (3) (d).

3. Winfield contends trial counsel's failure to request a jury charge on eyewitness identification constituted ineffective assistance. Winfield failed, however, to recite the jury instruction he believes counsel should have requested for the July 2003 trial in this case in either his motion for new trial in the trial court or in his appellate brief.[3] In addition, Winfield failed to question trial counsel on this issue at the hearing on his motion for new trial. Consequently, Winfield has not made the necessary affirmative showing that counsel's failure to request a jury instruction on eyewitness testimony "was deficient performance . . . and not the result of [counsel's] conscious and deliberate trial strategy." (Citation and punctuation omitted.) *Morton v. State*, 265 Ga. App. at 424 (1).

4. Winfield argues that trial counsel was ineffective for failing to interview and subpoena Hammond as a defense witness. According to Winfield, Hammond would have testified at trial that the man who attacked the victim was someone other than Winfield. At the motion for new trial hearing, trial counsel testified that Winfield had told him before trial that he (Winfield) had been with Hammond on the night of the alleged assault. It is undisputed, however, that Winfield never gave counsel Hammond's address or phone number. Moreover, according to counsel, Winfield later told him that he (Winfield) had contacted Hammond and that Hammond "was not going to be helpful" at trial and was unwilling to testify. Counsel testified further that, "I generally don't like to put people on the stand [when] I don't know what they're going to say and they don't want to be there."

---

[3] To the extent Winfield suggests counsel should have asked for the Suggested Pattern Jury Instruction on eyewitness identification that was in use during 2003, we note that, in 2005, the Supreme Court of Georgia advised trial courts to stop using the charge because it improperly instructed the jury to consider a witness' "level of certainty" as a factor in determining the reliability of an identification. *Brodes v. State*, 279 Ga. 435, 442-443 (614 SE2d 766) (2005). In *Brodes*, the Supreme Court held that, because scientific evidence showed a lack of correlation between the level of certainty a witness felt about his or her identification and the accuracy of that identification, the trial court's use of the instruction constituted harmful error when the only evidence linking the defendant to the crime was the victims' identifications of him as the man who robbed them. Id. Similarly, in this case, the victim's identification of Winfield as the assailant was the only evidence linking him to the crime. It follows that if counsel had requested the pattern jury charge on eyewitness identification in this case, and the trial court had given the charge, such instruction would have constituted reversible error under *Brodes*.

As the trial court in this case properly found, counsel "cannot be deemed ineffective for failing to track down a witness whose whereabouts are unknown." See *Morris v. State*, 257 Ga. App. 169, 172 (2) (570 SE2d 619) (2002). Further, given Winfield's statements to counsel that Hammond did not want to testify and would not be helpful at trial, we cannot say that counsel's strategic decision not to try to locate, interview, and subpoena Hammond as a witness in this case was "so patently unreasonable" that it constituted deficient performance. *Morton v. State*, 265 Ga. App. at 422 (1).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MARCH 31, 2006 — ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Glenn O. Winfield, *pro se.*
Howard Z. Simms, *District Attorney*, for appellee.

