A06A0846. BREWER v. THE STATE.
(634 SE2d 534)

ADAMS, Judge.

Following a trial by jury, Rodney Bernard Brewer was convicted of aggravated assault and possession of a firearm during the commission of a crime. On appeal, he contends the trial court erred by allowing evidence of prior difficulties between himself and the victim's brother and by giving the "level of certainty" language in a charge to the jury. He also contends he received ineffective assistance of counsel.

On June 19, 2003, Abe Carter III and his brother Anthony were living with their grandmother in Newnan. Brewer lived in a neighboring house. Around 10:00 p.m., someone shot and wounded Abe with a shotgun at close range while he was standing on the front porch of his grandmother's house. Although it was dark, lights from the porch and street slightly illuminated the area. After being shot, Abe staggered inside and cried out that Brewer had shot him. Abe later told Detective Rick Mires of the Newnan Police Department the same thing. At trial, Abe testified that he was sure Brewer was the person who shot him. No other direct evidence was presented linking Brewer to the crime.

The State also introduced evidence to show that for several days leading up to the shooting, there had been an altercation between Brewer and Anthony Carter. Anthony testified that Brewer had accused him of burglary and chased him multiple times, at least once with what appeared to be a gun. The testimony also showed that Brewer came by the victim's house earlier in the day looking for Anthony, but Anthony was not home at that time. Anthony did not report the incidents to the police until after Abe was shot. Also, Abe testified that he and Anthony looked alike. The State offered the evidence to suggest that Brewer shot Abe Carter because he mistook him for Anthony.

1. At trial, defense counsel moved in limine to preclude admission of one aspect of the relationship between Brewer and Anthony Carter, namely any testimony that Anthony may have stolen drugs from

Brewer. But he did not move to exclude evidence of hostility between the two men. In fact, defense counsel cross-examined Abe and Anthony on that issue. On appeal, Brewer contends the trial court erred by allowing the evidence, but he admits that he did not object to its admission. Accordingly, the issue is waived. See *Scott v. State*, 243 Ga. 233, 234-235 (2) (253 SE2d 698) (1979) ("matters not objected to at trial cannot be raised for the first time on appeal") (citation omitted); *DeBerry v. State*, 241 Ga. 204, 205 (1) (243 SE2d 864) (1978) ("failure to object coupled with a later interrogation by defense counsel on the same subject amounted to a waiver of the objection to the earlier questions"). See also *Howard v. State*, 266 Ga. App. 281, 284-285 (2) (596 SE2d 627) (2004) (failure to object to similar transaction evidence waives issue of whether state failed to file required notice).

2. Brewer's counsel requested a jury charge that stated a jury may consider "the level of certainty shown by the witness or witnesses about his identification" when addressing the reliability of identifications. In *Brodes v. State*, 279 Ga. 435, 442 (614 SE2d 766) (2005), however, the Supreme Court of Georgia struck down this language, holding that a trial court errs in using the "level of certainty" charge. Based on *Brodes*, Brewer contends the trial court erred by giving the instruction. But, as Brewer admits on appeal, by requesting the charge he waived any objection. *Gibbs v. State*, 279 Ga. App. 64, 66 (2) (630 SE2d 582) (2006). See also *DeLoach v. State*, 272 Ga. 890 (536 SE2d 153) (2000) (defendant's request that "level of certainty" charge be given waived his right to complain on appeal); *Roulain v. Martin*, 266 Ga. 353, 354 (2) (466 SE2d 837) (1996) (defendant "estopped to contend that the trial court erred in giving any charge which was in accordance with his own request")[1] (citation omitted).

Brewer's only possible argument is that there was "substantial error in the charge which was harmful as a matter of law." OCGA § 5-5-24 (c). "However, 'even the review of substantial error under OCGA § 5-5-24 (c) is not available when the giving of an instruction, or the failure to give an instruction, is induced during trial by counsel for the complaining party or specifically acquiesced in by counsel.'" (Citations and footnotes omitted.) *Courrier v. State*, 270 Ga. App. 622, 625 (2) (607 SE2d 221) (2004).

3. Brewer also asks that we remand the case to the trial court for an evidentiary hearing on his contention that he received ineffective assistance of trial counsel.

---

[1] The statement in *Winfield v. State*, suggesting that giving the charge is reversible error even if the defendant requested the charge, is dicta. 278 Ga. App. 618, 621 (3) (629 SE2d 548) (2006).

Remand of a case for a hearing on a claim of ineffective assistance of trial counsel is appropriate where the claim has been raised at the earliest practicable moment by counsel other than trial counsel, in order that the trial judge who presided over the defendant's trial may be presented with an opportunity to resolve the issue of ineffective assistance of counsel.

(Citations omitted.) *Rucker v. State*, 270 Ga. 431, 435-436 (6) (510 SE2d 816) (1999). But "[i]n the instant case, appellant's new appellate counsel participated in the motion for new trial, but did not raise the issue of the effectiveness of appellant's trial counsel." *Smith v. State*, 263 Ga. 224, 225 (3) (430 SE2d 579) (1993). Appellate counsel contends that despite his appearance at the hearing he had no opportunity to raise the issue of ineffective assistance. But he has failed to support that statement with citations to the record, and Brewer has failed to provide a transcript of the hearing on the motion for new trial. Brewer is therefore barred from raising the issue here. Id. See also *Chapman v. State*, 279 Ga. App. 200, 206 (3) (630 SE2d 810) (2006).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JULY 24, 2006.

*Gerald P. Word*, for appellant.
*Peter J. Skandalakis, District Attorney, Bruce P. Dutcher, Kevin T. McMurry, Assistant District Attorneys*, for appellee.