## A07A1191. NOE v. THE STATE.

(652 SE2d 620)

</div>

BERNES, Judge.

A Bartow County jury convicted Jeffrey Ray Noe of aggravated child molestation and five counts of child molestation. Noe appeals, contending that the trial court erroneously denied his pretrial motion in limine to exclude expert opinion testimony and that his trial counsel rendered ineffective assistance by failing to call a certain witness. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the trial evidence shows that Noe is the victim's father. After Noe and the victim's mother separated, the victim and her brothers frequently visited Noe at his home. During overnight visits, the victim's brothers slept together in one bedroom, while the victim slept with Noe in another bedroom.

Noe molested the victim over the course of several years, spanning from a time when she was between eight and twelve years old. On the first occasion, Noe touched the victim's private parts under her clothes while they slept in bed together. The victim pretended to be asleep and acted as if nothing had occurred. On several subsequent occasions, Noe touched the victim's vagina, breasts, and buttocks. He also made the victim rub his penis with her hands. As the molestation escalated, it became an almost daily occurrence. Noe made the victim orally sodomize him, and eventually, he began to have vaginal intercourse with the victim. The victim testified at trial that she was scared of Noe and that when she refused to participate in the sexual acts, Noe got extremely angry, called her bad names, and threw things.

Noe told the victim not to tell anyone about the sexual abuse and that he did it because "he loved [her] so much" and "[she] was almost like a wife to him." The victim was afraid to tell because she thought that Noe would kidnap her and harm her mother. Although the

victim's mother suspected that "something [was] not right" about Noe's relationship with the victim, when she asked the victim about the relationship, the victim denied that Noe had touched her inappropriately.

After the victim was observed exhibiting seductive behavior at school, school officials notified the Department of Family and Children Services (DFCS). The local sheriff's department became involved and opened an investigation. After the victim denied that she had been sexually abused during an initial interview, the criminal investigation was closed, but the DFCS case continued.

Eventually, at age 12, the victim made an outcry about the molestation to a youth leader at her church. The victim also told her mother that she no longer wanted to visit Noe, but did not disclose the reason why. Noe nonetheless persisted in efforts to visit with the victim, leading the victim to believe that the only way to stop the sexual abuse was to disclose it to her mother. After the mother learned of the molestation, she made a police report which ultimately resulted in Noe's arrest.

The victim underwent a physical examination by a certified pediatric nurse practitioner. The nurse testified at trial that although the exam yielded normal results, it was consistent with the victim's allegations, considering the adolescent changes to her body and the delayed disclosure. The nurse opined that the absence of physical findings would not be unusual where the disclosure occurred, as it did in this case, more than two months after the last reported sexual contact. The nurse also explained that because of hormonal changes, adolescent females frequently show no signs of injury as a result of sexual activity. The nurse also conceded on cross-examination that the absence of physical findings or "normal exam" was also consistent with an absence of sexual abuse.

The victim also was interviewed and administered a battery of tests by a licensed psychologist, who testified that the victim's responses were consistent with a history of sexual abuse. The victim received psychological counseling for over two and a half years.

Following the jury trial, Noe was convicted of aggravated child molestation and five counts of child molestation.

1. On appeal, Noe first contends that the trial court erred in denying his pretrial motion in limine, which sought exclusion of expert testimony opining that the victim's normal physical examination was consistent with her claims of molestation.[1] He argues that

---

[1] In his enumerations of error, Noe contends that the trial court erred in denying his motion in limine and asserts that the psychologist's opinion testimony should have been excluded. His motion in limine, however, only sought exclusion of the pediatric nurse's opinion testimony.

the expert's testimony constituted improper opinion evidence that invaded the factfinding province of the jury, improperly bolstered the victim's credibility, and was unduly prejudicial. We have previously decided Noe's claims adversely to his contentions.

We have held that "[t]he testimony of experts that certain medical or scientific tests resulted in findings consistent with molestation . . . is admissible and proper." (Punctuation and footnote omitted.) *Harris v. State*, 279 Ga. App. 570, 572 (1) (631 SE2d 772) (2006). "[T]he fact that such testimony may also indirectly, though necessarily, involve the child's credibility does not render it inadmissible." (Punctuation and footnote omitted.) *Odom v. State*, 243 Ga. App. 227, 227-228 (1) (531 SE2d 207) (2000). See also *Atkins v. State*, 243 Ga. App. 489, 490-496 (2) (533 SE2d 152) (2000). It is erroneous, however, for a witness, even an expert, to bolster the credibility of another witness by expressing an opinion that the witness is telling the truth. See *Mann v. State*, 252 Ga. App. 70, 72 (1) (555 SE2d 527) (2001). "Credibility of a witness is not beyond the ken of the jurors but, to the contrary, is a matter solely within the province of the jury. OCGA § 24-9-80." (Citations and punctuation omitted.) Id. In sum, Georgia law provides that while an expert may give testimony that certain medical or scientific tests resulted in findings consistent with molestation, the testimony cannot extend to directly commenting upon the victim's credibility, i.e., stating, "I believe the victim; I think the victim is telling the truth," or testimony that implicitly goes to the ultimate issue for jury determination, i.e., "In my opinion, the victim was sexually abused." (Citation and punctuation omitted.) *Odom*, 243 Ga. App. at 228 (1).

In this case, the nurse's expert opinion testimony was properly admitted. The nurse did not state that she believed the victim or directly opine that the victim was sexually abused. Rather, the nurse simply testified that the victim's physical examination results were consistent with her molestation allegations. As such, the challenged testimony in this case was a permissible expression of the expert's opinion. See *Harris*, 279 Ga. App. at 570-572 (1); *Odom*, 243 Ga. App. at 229 (1) (b). Compare *Mann*, 252 Ga. App. at 71-72 (1) (expert testimony ruled inadmissible where expert testified, " 'I believed him.' "); *Flowers v. State*, 220 Ga. App. 814, 815-816 (2) (468 SE2d 199) (1996) (expert testimony ruled inadmissible where expert testified that, " 'yes, sexual abuse did occur' "), overruled on other

While Noe refers to the psychologist again in his argument, the substance of the testimony to which he alludes was given by the nurse. We review only Noe's claim related to the pediatric nurse's opinion testimony. Any claim relating to the admission of the psychologist's expert testimony has been waived. See Court of Appeals Rule 25 (c) (2); *Brewer v. State*, 280 Ga. App. 582, 582-583 (1) (634 SE2d 534) (2006).

grounds, *Strickland v. State*, 223 Ga. App. 772 (479 SE2d 125) (1996). And even though the exam yielded normal results, the expert testimony was relevant to explain that the absence of physical evidence did not preclude a finding of sexual abuse. To that extent, the challenged evidence was probative of the issues at trial.

2. Noe further claims that his trial counsel was ineffective for failing to call a witness who would have testified that the molestation allegations were fabricated by the victim and her mother to get revenge. The trial court denied Noe's motion for new trial raising this claim. "The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Punctuation and footnote omitted.) *Mack v. State*, 242 Ga. App. 256, 257 (2) (529 SE2d 393) (2000). We discern no error here.

To establish a claim for ineffective assistance of counsel in accordance with the *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) standard, Noe must show (1) that his counsel's performance was deficient and (2) that there is a reasonable probability that the outcome of the trial would have been different but for that deficiency. See *Mack*, 242 Ga. App. at 257 (2). Noe has failed to establish his claim in this case.

Noe argues that his trial counsel was ineffective for failing to call Faye Tant as a trial witness. At the motion for new trial hearing, Tant testified that the victim's mother told her that the victim had not been molested but that she was mad at Noe for not paying child support and "was going to get him back." Trial counsel testified that he had interviewed Tant prior to trial, but she did not inform him of any such statements. Trial counsel further testified that he did not call Tant as a witness since the only information that she provided at the time of their conversation was inadmissible under Georgia's rape shield statute and was irrelevant to Noe's defense. Tant was never questioned as to what information she provided to trial counsel before trial, and thus, trial counsel's testimony stood unrebutted.

"The determination as to which defense witnesses will be called is a matter of trial strategy and tactics. Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result." (Citation and punctuation omitted.) *McGhee v. State*, 237 Ga. App. 541, 544 (1) (a) (515 SE2d 656) (1999). Trial counsel cannot be deemed ineffective for failing to call Tant as a trial witness since there is no evidence that she informed him of any relevant, admissible evidence before trial. Trial counsel articulated valid reasons for not calling Tant as a trial witness, and his strategy did not constitute ineffective assistance of counsel.

Moreover, despite the failure to present Tant as a witness, trial counsel challenged the state's evidence and presented Noe's trial defense that the victim and her mother had falsified the molestation allegations as a result of a contentious divorce proceeding. Since no prejudicial error has been shown, Noe's ineffective assistance of counsel claim must fail.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 3, 2007.

*James E. Goad*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.