## A08A1247. SCRUGGS v. THE STATE.
(669 SE2d 485)

BERNES, Judge.

Randy Bruce Scruggs appeals his convictions for rape, three counts of aggravated child molestation, five counts of child molestation, and two counts of cruelty to children. He argues that his trial counsel was ineffective. We disagree and affirm.

Viewed in the light most favorable to the jury's verdict,[1] the

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

evidence adduced at trial showed that Scruggs lived with his girlfriend and her four children. Late one night, Scruggs's girlfriend awoke to discover Scruggs and her twelve-year-old son, J. B., watching a pornographic movie together. An argument between Scruggs and his girlfriend ensued, which culminated when Scruggs broke the DVD player, punched his girlfriend in the eye, and stormed out of the house.

Shortly thereafter, both J. B. and his sister, 14-year-old A. B., disclosed to their mother the abuse that they had suffered at the hands of Scruggs. J. B. testified at trial how Scruggs began "acting weird" shortly after moving into their home. Scruggs would give J. B. detailed accounts of his sexual activities with the child's mother and his other girlfriends. At one point, Scruggs told J. B. that he wanted "to do" J. B.'s sister A. B. On numerous occasions, Scruggs watched pornography with J. B. and masturbated in front of him, and on one occasion Scruggs enticed the child to smoke methamphetamine with him.

J. B. further testified to several instances when Scruggs touched "his privates," both over his clothing and, at least once, under his clothing. He recalled a separate incident when Scruggs summoned J. B. into his bedroom while J. B.'s mother was sleeping. Scruggs placed J. B.'s hand on his penis, fondled J. B.'s penis, and forced J. B. to give and receive oral sodomy. Scruggs threatened that he would kill J. B. if he told anyone about the sexual assaults or the drugs.

A. B. also testified at trial. She recalled the initial episode when Scruggs lured her into the basement and attempted to put his hands down her pants and inside of her shirt. She then testified to two separate occasions during which Scruggs entered her bedroom, pinned her to the bed, and forcibly had sexual intercourse with her. A. B. testified that "[i]t hurt" when Scruggs penetrated her vagina. She stated that Scruggs threatened that "he knew people that could get [her]" if she told anyone about the assaults.

The state presented additional evidence from the sexual assault nurse who examined A. B. and testified that the child's hymenal tissue had been torn, indicating vaginal penetration. The jury also heard expert testimony from the counselor who conducted video-taped forensic interviews of the children, during which they revealed the substance of the above encounters with Scruggs. Finally, Scruggs's stepbrother revealed to the jury an extremely crude remark that Scruggs had made to him that alluded to the fact that Scruggs had engaged in sexual activity with A. B.

On appeal, Scruggs does not challenge the sufficiency of the evidence; rather, his sole argument is that his trial counsel was ineffective for failing to impeach the child victims by playing their

videotaped interviews to the jury so as to highlight the alleged inconsistencies contained in their testimony.

In order to establish a claim for ineffective assistance of counsel, Scruggs must prove both that his trial counsel's performance was deficient and that the deficiency was prejudicial to his defense. *Noe v. State*, 287 Ga. App. 728, 731 (2) (652 SE2d 620) (2007). "There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy." (Citation omitted.) *Williams v. State*, 290 Ga. App. 841, 844 (4) (660 SE2d 740) (2008). Trial counsel's strategic and tactical decisions are not susceptible to attacks of ineffective assistance and offer no grounds for reversal. Id.

At the motion for new trial hearing, Scruggs's trial counsel testified that his decision not to show the victims' videotaped interviews to the jury was "definitely" a strategic one, because the videotapes contained very graphic descriptions of abuse and, indeed, accounts of events that the victims had not testified about during the trial. Scruggs's attorney did not want to present the additional damaging evidence to the jury, and instead chose to highlight the victims' alleged inconsistencies by way of cross-examination. This reasonable and calculated tactical decision presents no grounds for reversal. See, e.g., *Grier v. State*, 276 Ga. App. 655, 662-663 (4) (b) (624 SE2d 149) (2005); *Anthony v. State*, 275 Ga. App. 274, 280 (6) (c) (620 SE2d 491) (2005); *Joiner v. State*, 245 Ga. App. 415, 415-416 (2) (537 SE2d 792) (2000). Moreover, the record establishes that trial counsel did in fact thoroughly cross-examine the victims concerning the alleged inconsistencies about which Scruggs now complains. Scruggs has thus also failed to establish that his defense was prejudiced by his counsel's performance. See *Noe*, 287 Ga. App. at 732 (2); *Grier*, 276 Ga. App. at 662-663 (4) (b).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 13, 2008 —

*Christopher T. Adams*, for appellant.

*Richard K. Bridgeman, District Attorney, Gregory L. Wagner, Robin R. Riggs, Assistant District Attorneys*, for appellee.