**THIRD DIVISION**
**ELLINGTON, P. J.**
**MCFADDEN and PETERSON, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 3, 2016**

# In the Court of Appeals of Georgia

A15A1914. POWELL v. THE STATE.                          PE-035C

PETERSON, Judge.

David Powell, convicted of two counts of child molestation, appeals from the denial of his motion for a new trial. He argues that (1) the evidence was insufficient to convict him and (2) the trial court erred by allowing the State to introduce irrelevant testimony that improperly bolstered the victim's testimony. Because there was sufficient evidence to authorize the guilty verdict on all counts, and because Powell failed to preserve his bolstering objection for appeal, and, in any event, the challenged testimony did not constitute an opinion on the victim's veracity, we affirm.

Following a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and no longer presume the defendant is innocent.

*Wallace v. State*, 294 Ga. App. 159, 159 (1) (669 SE2d 400) (2008). So viewed, the evidence shows that Powell was a family friend, affectionately dubbed "Uncle Dave," who regularly visited the victim's home and assisted her mother with various household repairs. In December 2010, when the victim was twelve years old, Powell assisted her mother with installing window fixtures. According to the victim's forensic interview, when her mother left for an errand, Powell came into the victim's room, removed her pants and underwear, and rubbed his penis against her genitals. Powell stopped when the victim's mother returned home. On another occasion in April 2011, when the victim was thirteen years old, Powell forced her to touch his penis and masturbate him during a drive to school, and also masturbated in her presence and ejaculated into a towel in his vehicle. Some time afterwards, the victim's mother became concerned about her child's behavior, and asked the victim if anything was bothering her. The victim recounted the details of the molestation by Powell to her mother, who then called police. A forensic investigator interviewed the victim, and a video recording of the interview was played for the jury. Both the victim's mother and the forensic investigator confirmed that the victim related these same facts to them.

1. Powell contends that the evidence established at the trial court was conflicting, and that there is insufficient evidence to sustain the conviction. We disagree.

"When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Strong v. State*, 265 Ga. App. 257, 258 (593 SE2d 719) (2004) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence." *Id.* "'As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.'" *Id.* (citation and punctuation omitted); *see also Anderson v. State*, 253 Ga. App. 129, 130 (558 SE2d 459) (2001).

OCGA § 16-6-4 provides that a person commits the offense of child molestation when that person "does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]"

3

Powell alleges the victim's testimony was contradicted by his own statements to law enforcement and other unspecified evidence, and that law enforcement never searched Powell's vehicle for the towel into which the victim claimed Powell ejaculated. Here, the jury heard the victim's statements describing Powell's acts. While Powell argues that the victim's statements were not corroborated, Georgia law does not require corroboration of a child molestation victim's testimony. *See Scales v. State*, 171 Ga. App. 924, 924-925 (2) (321 SE2d 764) (1984) ("No corroboration has been required for a conviction of child molestation"). The victim's testimony alone is sufficient to sustain a conviction. *See Chamblee v. State*, 319 Ga. App. 484, 485 (735 SE2d 810) (2012) (finding that testimony about the child's description of the offender's acts, "standing alone, was sufficient to support the verdict"); *see also* former OCGA 24-4-8; *Newton v. State*, 296 Ga. App. 332, 336 (1) (674 SE2d 379) (2009). Nevertheless, the jury also heard the recorded police interviews of Powell in which he admitted to driving the victim to school, admitted that the victim touched his penis on one occasion, and admitted to laying down with the victim in her bedroom. The jury also heard the testimony of the victim's mother and the forensic investigator confirming that the victim relayed similar accounts to them.

The testimony in this case supports the conclusion beyond a reasonable doubt that Powell's actions towards the victim, who was under sixteen at the time of each alleged incident, were "immoral or indecent" within the meaning of OCGA § 16-6-4(a)(1). Moreover, the jury was authorized to infer intent from the evidence. *See Arnold v. State*, 249 Ga. App. 156, 158 (545 SE2d 312) (2001) ("Intent, which is a mental attitude, is commonly detectable only inferentially, and the law accommodates this"). The evidence was easily sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt, and therefore the trial court did not err in denying Powell's motion for a new trial for lack of sufficient evidence to support his convictions.

2. Powell next asserts that the court improperly allowed the forensic investigator to opine on the victim's developmental level. Powell contends that the forensic investigator's opinion on the victim's developmental level was irrelevant, and that the State sought this testimony in an attempt to bolster the victim's credibility. Again, we disagree, and further conclude that Powell failed to preserve the relevant issues for appeal.

At trial, the State asked the forensic investigator to describe the victim's developmental level compared to her age. Powell objected, arguing that the forensic

investigator was not qualified as an expert in child development and therefore could not render an opinion on the victim's developmental age - an objection Powell does not renew on appeal. But no objection was made on the grounds that Powell now asserts as the basis for his appeal. That is, Powell failed to object based upon the *relevance* of the forensic investigator's opinion or that the testimony amounted to an opinion on the victim's veracity.

"To preserve a ground for error, the objecting party must state the specific ground upon which the objection is based[.]" *Slade v. State*, 287 Ga. App. 34, 35 (1) (651 SE2d 352) (2007); *Maxwell v. State*, 267 Ga. App. 227, 229 (1) (599 SE2d 228) (2004). The trial court must have the opportunity to be fully informed of the error and to rule on it. *Ruffin v. State*, 333 Ga. App. 793, 794 (2) (777 SE2d 262) (2015). "When the specific ground of objection is not made at the time the evidence is offered, the failure to do so amounts to a waiver of that specific ground." *Id.*; *see also Hill v. State*, 244 Ga. App. 278, 280 (2) (535 SE2d 302) (2000). Objections made at trial cannot be modified or expanded for the first time on appeal. *See, e.g.*, *Dunagan v. State*, 255 Ga. App. 309, 310 (2) (565 SE2d 526) (2002); *Mack v. State*, 251 Ga. App. 407, 409 (2) (554 SE2d 542) (2001).

Powell's objection was not sufficient to notify the trial court of the additional legal grounds he now asserts as his basis for appeal, and Powell sought no ruling from the court on those objections. *See Slade*, 287 Ga. App. at 35 (1). Therefore, Powell has waived his grounds for appeal on this issue.

Even if Powell had preserved his relevance and improper bolstering challenges to the forensic investigator's testimony, we find no grounds for reversal. It is error for a trial court to permit a witness "to bolster the credibility of another witness by expressing an opinion that the witness is telling the truth." *Noe v. State*, 287 Ga. App. 728, 731 (1) (652 SE2d 620) (2007). Credibility of a witness "is a matter solely within the province of a jury." *Id.* (citing *Mann v. State*, 252 Ga. App. 70, 72 (1) (555 SE2d 527) (2001)). But this does not require a court to exclude testimony simply because a defendant argues a tangential relation to credibility. In *Noe*, we observed that this rule prohibits "directly commenting upon the victim's credibility, *i.e.*, stating 'I believe the victim; I think the victim is telling the truth,' or testimony that implicitly goes to the ultimate issue for jury determination, i.e., 'In my opinion, the victim was sexually abused.'" Noe, 287 Ga. App. at 730 (upholding admission of nurse's testimony that the physical exam was consistent with victim's allegations).

Nothing Powell complains of here even remotely approaches the kind of testimony *Noe* explains is prohibited.

When asked about the victim's developmental level, the forensic investigator replied that the she "appeared a little – not developmentally 13 in comparison to the other 13 year olds that I've interviewed; okay?," and then expanded on the relevance and meaning of this statement by indicating that there were "some accommodations made on my part to not assume the normal level of development of a thirteen year-old while I interviewed her." This does not constitute impermissible commentary on the victim's credibility. Accordingly, we find Powell's second enumeration of error to be waived and without merit.

*Judgment affirmed. Ellington, P. J. and McFadden, J., concur.*