### A08A1373. WHITE v. THE STATE.
(666 SE2d 618)

MIKELL, Judge.

In a five-count indictment, Willie Frank White was charged with murder, felony murder (two counts), kidnapping with bodily injury, and aggravated assault. Following a bench trial, White was convicted of the lesser included offenses of voluntary manslaughter and kidnapping. The trial court sentenced him to serve twenty years for the manslaughter, plus ten years for the kidnapping. On appeal from the order denying his amended motions for new trial, White contends that the trial court erred in concluding that his trial counsel rendered effective assistance. We affirm.

The evidence relevant to the ineffective assistance claim shows that on January 21, 2004, White lived with various family members and their significant others at a residence on Lakewood Drive in Atlanta, and his girlfriend, Beverly Middlebrooks, lived next door. According to one resident of White's household, Frederick Hardin, the house was "in a rage and everybody was arguing" on that day. Middlebrooks was trying to calm the situation because there were children in the house. Nothing worked, so Middlebrooks tried to leave. White pulled her by the arm back into the house, but Middlebrooks jumped out the window and got into a car. White went outside, dragged her out of the car and into the house, and put her in a room away from the others. Hardin testified that he heard "a lot of bumping noise," went to the door, and saw White holding Middlebrooks around the throat. White told Hardin to leave the room. Hardin went out, and when he returned, he saw Middlebrooks "laid out on the bed," with White trying to resuscitate her.

The medical examiner testified that the cause of death was blunt-force trauma of the head and neck. She explained that it only takes a few pounds of pressure applied to the neck to close the blood vessels that carry oxygenated blood to the head and brain. The medical examiner further testified that an autopsy revealed that Middlebrooks suffered from a heart condition called "arrhythmogenic right ventricular dysplasia," which can cause "funny"

cardiac rhythms and can result in sudden death in five percent of persons who suffer from it. The medical examiner explained that the average age of death in such cases is adolescence or early 20s. Middlebrooks was 40 years old, and in the medical examiner's opinion, the heart condition did not cause her death, although it could have been a "very minor" contributing factor. Finally, the medical examiner testified that Middlebrooks had cocaine and alcohol in her system, but that they did not cause her death. On cross-examination, the medical examiner admitted that Middlebrooks's heart condition, and her chance of sudden death, was exacerbated by her cocaine and alcohol use.

1. White claims that he was denied effective assistance of counsel because trial counsel failed to call an expert witness to support the defense theory that the victim died as a result of her heart condition. In order to prove ineffective assistance of counsel, White must demonstrate both that his counsel's performance was deficient and that the alleged deficiency prejudiced him.[1] Failure to satisfy either prong of this test is fatal to an ineffective assistance claim, and we need not address the issue of deficient performance if the defendant has not borne his burden of showing prejudice.[2] Finally, a trial court's finding that a defendant has been afforded effective assistance of counsel will be affirmed on appeal unless clearly erroneous.[3]

We need not consider whether counsel performed deficiently by failing to seek funds to hire an expert witness because White has failed to demonstrate that the outcome of his trial would have been different had counsel requested funds and called such a witness.[4]

> To establish the prejudicial effect of trial counsel's failure to present certain evidence, an appellant is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case. Absent a proffer of what the testimony of his expert would have been at trial, [White] cannot show that there is a reasonable probability that the outcome of the trial would have been different had his counsel taken the suggested course.[5]

---

[1] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[2] *Pringle v. State*, 281 Ga. App. 230, 234 (2) (635 SE2d 843) (2006).

[3] *Cupe v. State*, 253 Ga. App. 851, 854 (3) (560 SE2d 700) (2002).

[4] See *Pringle*, supra at 234 (2) (a).

[5] (Citations and punctuation omitted.) *Cupe*, supra at 856-857 (3) (e). Accord *Daly v. State*, 285 Ga. App. 808, 812-813 (4) (e) (648 SE2d 90) (2007). See *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

White did not proffer any expert testimony at the hearing on his motion for new trial. Accordingly, he did not establish prejudice, and the trial court did not err in rejecting his claim of ineffective assistance of counsel.

2. White also enumerates as error the trial court's failure to grant his post-trial request for funds to employ an expert to testify at the hearing on the motion for new trial in order to challenge the medical examiner's findings. Our review of the record does not reveal a ruling on this motion, however. Accordingly, any purported error regarding this issue has been waived for the purpose of appeal.[6]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 6, 2008.

*John P. Rutkowski*, for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.

---

[6] See *Fox v. State*, 266 Ga. App. 307, 309-310 (5) (596 SE2d 773) (2004).