A09A2143. SMITH v. THE STATE.
(684 SE2d 354)

MIKELL, Judge.

Demetrius Smith was jointly indicted with Ray Anderson and Milton Jones for two counts each of armed robbery and aggravated assault with intent to rob, and one count each of possession of a firearm during the commission of a felony and possession of a firearm by a convicted felon. A separate count charged Smith alone with trafficking in cocaine. A jury convicted Smith of the aggravated assault with intent to rob charges and the charge for possession of a firearm during the commission of a felony, but acquitted him of the remaining charges. The trial court sentenced Smith to 45 years, with 35 to be served in confinement and the remainder on probation. On appeal from the denial of his amended motion for new trial, Smith contends that he received ineffective assistance of counsel. We affirm.

Viewed in the light most favorable to support the jury's verdict, the record reflects that on September 7, 2005, Dennis Suttles's vehicle broke down at the intersection of McDaniel and Fulton Streets in Atlanta. While Suttles and his friend, Sterling Allen, waited for a tow truck, a white Chevrolet Blazer containing three males pulled up. The men jumped out of the vehicle, pointed a gun at Suttles and Allen, demanded that they empty their pockets, and then

fled with approximately $250 in cash and the victims' cell phones. City of Atlanta Police Detective Stephen O'Hare happened to be driving in the area when Suttles flagged him down and advised that he had been robbed by several men in a white Chevrolet Blazer. O'Hare located the Blazer and then chased it for a short time before the vehicle pulled over and Smith and Anderson jumped out and fled on foot.[1] O'Hare pursued Smith on foot and arrested him in an abandoned house. Officers discovered a gun lying next to the Blazer and recovered two cell phones and Suttles's cash. At trial, O'Hare testified that Suttles and Allen identified Smith, Anderson, and Jones at the scene as the men who robbed them. O'Hare also identified Smith in court as the man he chased from the Blazer. Once in custody, Smith waived his *Miranda* rights and confessed to pointing a gun at Suttles and Allen. At trial, Suttles and Allen could not recall many details of the crime; they claimed that they had never identified anyone at the scene and disputed their statements to police. They also could not identify any of the perpetrators at trial.[2] Suttles and Allen also testified that prior to trial, they went to defense attorney Dennis Scheib's office and signed a document indicating that they did not want to press charges.

In his sole enumeration of error, Smith contends that his trial counsel was ineffective.

> In order to prove his claim of ineffective assistance of counsel, [Smith] must establish both prongs of the test set out in *Strickland v. Washington*:[3] (1) that his trial counsel's performance was deficient and (2) that counsel's inadequate performance so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency.[4]

"A reasonable probability is a probability sufficient to undermine confidence in the outcome."[5] Failure to satisfy either prong of the two-part *Strickland* test is fatal to an ineffective assistance claim.[6] "[A] trial court's finding that a defendant has been afforded effective assistance of counsel will be affirmed on appeal unless clearly

---

[1] Jones did not try to flee and was arrested by officers on the scene.

[2] The trial court ruled that Suttles and Allen had given pre-trial statements, but that both men had become "uncooperative and suffered memory loss" while testifying and declared them hostile witnesses.

[3] 466 U. S. 668, 695-696 (III) (B) (104 SC 2052, 80 LE2d 674) (1984).

[4] (Footnote omitted.) *Thomas v. State*, 291 Ga. App. 795, 804 (6) (662 SE2d 849) (2008).

[5] *Strickland*, supra at 694 (III) (B). See also *Miller v. State*, 285 Ga. 285, 286 (676 SE2d 173) (2009).

[6] *Thomas*, supra.

erroneous.'"[7] We conduct a de novo review of the lower court's legal conclusions.[8]

Smith claims that counsel was ineffective because he failed to object when the prosecutor argued the following during closing arguments:

> Even those victims, as reluctant and as difficult and as angry and as hostile as they were towards the state, they never once said that that robbery didn't occur. Not once. They didn't say it on the stand. They didn't say it to police on September 7. . . . And you are the judges of credibility in this case. You choose who to believe and who not to believe. You choose what to believe about what any particular witness said. I believe what they said on September 7, on the day it happened, but I don't believe them when they come to court acting like idiots, pretending like they can't remember anything. You decide. You get to decide that.

Smith argues that the prosecutor improperly challenged the victims' veracity. We disagree.

"As a general rule, prosecutors are granted wide latitude in conducting closing argument, and defining the bounds of such argument is within the trial court's discretion. This wide latitude encompasses the prosecutor's ability to argue reasonable inferences raised by the evidence."[9]

> [Although] it is true that a prosecutor may not state to the jury his or her personal belief about the veracity of a witness. . . . [I]t is entirely proper for counsel to urge the jury to deduce such a conclusion from proven facts. Where the argument is based on evidence, conflicts in evidence, or lack of evidence and deductions, even far-fetched deductions, such argument is proper even if it questions the veracity of [a witness].[10]

While the prosecutor's argument was poorly worded, it was not impermissible.[11] During trial, the judge allowed the state to treat

---

[7] (Footnote omitted.) *White v. State*, 293 Ga. App. 241, 242 (1) (666 SE2d 618) (2008).

[8] *Robbins v. State*, 290 Ga. App. 323, 329 (4) (659 SE2d 628) (2008).

[9] (Citation and punctuation omitted.) *Brown v. State*, 293 Ga. App. 633, 637 (1) (d) (ii) (667 SE2d 899) (2008).

[10] (Citations and punctuation omitted.) *Harris v. State*, 283 Ga. App. 374, 384 (4) (d) (641 SE2d 619) (2007).

[11] See, e.g., *Robinson v. State*, 278 Ga. 31, 36 (3) (c) (597 SE2d 386) (2004); *Hill v. State*, 290 Ga. App. 140, 146-147 (5) (h) (658 SE2d 863) (2008); *Conner v. State*, 160 Ga. App. 202, 205 (7) (286 SE2d 441) (1981).

both victims as hostile witnesses because they had suffered unexplained "memory loss." During direct examination, the prosecutor sought to prove that the victims' statements and identifications at the time of the incident were credible, but that in the time between the incident and trial, someone or something had influenced them to forget details of the crime. The prosecutor advised the jury that "you are the judges of credibility in this case" and properly argued that based on the facts and reasonable inferences drawn therefrom — and regardless of their incredible and bizarre trial testimony and behavior — that the jury should not discount the victims' credible statements to police at the time of the incident. As the prosecutor's argument was proper, trial counsel's failure to object to it cannot serve as the basis for a claim of ineffective assistance of counsel.[12]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 24, 2009.

*Kenneth D. Kondritzer*, for appellant.
*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellee.