## S12A1140. LYNCH v. THE STATE.
(731 SE2d 672)

MELTON, Justice.

Following a jury trial, Reginald L. Lynch appeals his conviction for malice murder, felony murder, and two counts of possession of a firearm during the commission of a crime,[1] contending that the evidence was insufficient to support the verdict and that he received ineffective assistance of trial counsel. For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, on the night of October 22, 2008, police found Marcus Givens (the victim) in an alley suffering from multiple gunshot wounds. At the scene, Detective Dantzler asked the victim for his name. The victim responded, "Reggie Lynch." Detective Dantzler initially thought that "Reggie Lynch" was the victim's name, but the victim corrected, "Reggie Lynch, shot me." The victim repeated this statement at least three times. Star Corporal Angela Grant was with Detective Danztler when she heard Givens say, "Reggie Lynch." At first, she could not determine whether it was "Reggie Leck," but she knew the last name given started with an "L." Both officers testified that the victim appeared to be in serious pain and his voice sounded gurgled. The victim later died from his injuries. The day before the murder, on October 21, 2008, Lynch argued with the victim and called him derogatory names. Tiffany Davis, who is related to both Lynch and the victim, was present during this altercation, and she testified that, afterwards, Lynch told her that he was going to kill the victim.

---

[1] On February 4, 2009, Lynch was indicted for malice murder, felony murder, and two counts of possession of a firearm during the commission of a crime. Lynch's first trial that was conducted in August 2010 ended in a mistrial. Following a second jury trial ending on January 26, 2011, Lynch was found guilty on all counts. Thereafter, Lynch was sentenced to life imprisonment for malice murder and five consecutive years for one count of possession of a firearm during the commission of a crime. The conviction for felony murder was vacated by operation of law, see Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the remaining charges were merged for purposes of sentencing. Lynch's motion for new trial, filed on February 7, 2011, and amended on September 21, 2011, was denied by the trial court on November 15, 2011. Lynch's timely appeal was docketed to the April 2012 term of this Court and submitted for decision on the briefs.

Leisha Givens testified that the victim, who was her cousin, told her at the scene that Reggie Lynch shot him. She also testified that she saw Lynch driving away from the scene in a white truck.

This evidence was sufficient to enable the jury to find Lynch guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Nonetheless, Lynch argues that the victim's dying declaration naming his assailant must be considered only circumstantial evidence, providing an insufficient basis for conviction. This argument is without merit. Direct evidence is "evidence which immediately points to the question at issue." OCGA § 24-1-1 (3). With his final breath, the victim stated that Lynch shot him. This is certainly direct evidence of who killed the victim.

2. Lynch contends that he received ineffective assistance of counsel in numerous ways.

> In order to succeed on his claim of ineffective assistance, [Lynch] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

*Lytle v. State*, 290 Ga. 177, 180 (4) (718 SE2d 296) (2011).

(a) Lynch contends that trial counsel rendered ineffective assistance by failing to request a jury charge based on OCGA § 24-9-85 (b)[2] as a result of conflicting testimony given by Leisha Givens. Specifically, Lynch contends that Givens gave conflicting testimony regarding whether she spoke with the victim at the scene and whether she saw Lynch driving away. Pretermitting whether trial counsel should have requested a charge based on OCGA § 24-9-85 (b), Lynch has

---

[2] OCGA § 24-9-85 (b) provides: "If a witness shall wilfully and knowingly swear falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence."

failed to prove prejudice. A review of the charge in its entirety, which included instructions on impeachment and the credibility of witnesses, establishes that any failure by trial counsel to request or the trial court to give a charge based on OCGA § 24-9-85 (b) was harmless. *Evans v. State*, 209 Ga. App. 340 (2) (433 SE2d 426) (1993).

(b) Lynch contends that trial counsel rendered ineffective assistance by failing to object to the State being allowed to have the lead detective testify as to out-of-court statements allegedly made by Tiffany Davis, when the State failed to lay the proper foundation for such testimony during its questioning of Davis. During trial, Detective Tobars testified that Davis told him that, following an altercation between Lynch and the victim the day before the murder, Lynch told her that he was trying to get the victim into an alley to "take care of him." Although Davis testified earlier at trial, the State did not ask her about this statement, and Lynch did not cross-examine her. Lynch now maintains that his trial counsel rendered ineffective assistance by not objecting to Detective Tobars's testimony, as Davis's statement was neither a prior consistent nor inconsistent statement. Even if Lynch is correct that trial counsel should have objected to this testimony, he has failed to show harm. During her direct examination, Davis had already explicitly testified that Lynch had threatened to kill the victim the day before the murder.

(c) Lynch contends that trial counsel rendered ineffective assistance by failing to object when Detective Tobars was called as a rebuttal witness to the alibi witness presented by the defense. The record shows that, after Lynch called his alibi witness, Nicole Brown, the State announced that it was going to recall Detective Tobars to rebut her testimony. The State, however, had not previously included Detective Tobars on its list of witnesses to be called in response to the alibi witness in accordance with OCGA § 17-16-5 (b), which states:

> The prosecuting attorney shall serve upon the defendant within five days of the defendant's written notice but no later than five days before trial, whichever is later, a written notice stating the names, addresses, dates of birth, and telephone numbers of the witnesses, if known to the state, upon whom the state intends to rely to rebut the defendant's evidence of alibi unless previously supplied.

While trial counsel objected to Detective Tobars's testimony as irrelevant, he did not object based on OCGA § 17-16-5 (b). Even assuming that trial counsel was ineffective for failing to make this objection, Lynch has failed to show that he was prejudiced, because he has not

supported his claim that the testimony had to have been excluded under OCGA § 17-16-6, which provides:

> If at any time during the course of the proceedings it is brought to the attention of the court that the state has failed to comply with the requirements of this article, the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances. . . .

Lynch has made no claim that the State acted in bad faith in this matter; therefore, there is no basis on which to conclude that Detective Tobars's testimony would have been excluded if trial counsel made an objection.

(d) Lynch contends that trial counsel rendered ineffective assistance by failing to request a jury charge on eyewitness identification when presenting an alibi defense. A review of the charge as a whole, however, shows that the jury was charged on the concepts of presumption of innocence, reasonable doubt, burden of proof, credibility and impeachment of witnesses, and alibi. Therefore, "the jury was instructed on the general principles of law underlying a defense of misidentification . . . [, and there is] no reasonable probability that if a separate charge on identity had been given, the outcome of the trial would have been different." (Citations and footnote omitted.) *Springs v. Seese*, 274 Ga. 659, 662 (3) (558 SE2d 710) (2002).

(e) Lynch contends that trial counsel rendered ineffective assistance by failing to impeach the deceased victim with his prior felony conviction for cocaine possession with intent to distribute. Trial counsel testified, however, that it was his strategy to show that officers misunderstood the victim when he was gurgling and close to death. Trial counsel wanted to avoid the strategy of attacking the dying victim's credibility, which he considered risky. This strategy was reasonable, and "[a]s a general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel." *Wright v. State*, 274 Ga. 730, 732 (2) (b) (559 SE2d 437) (2002). Accordingly, there was no ineffective assistance in this case.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012.

*Steven L. Sparger*, for appellant.

*Larry Chisolm, District Attorney, Reginald C. Martin, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine R. Thrower, Assistant Attorney General*, for appellee.