**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 18, 2013**

# In the Court of Appeals of Georgia

A13A1082. BLANCHARD v. STATE.

BARNES, Presiding Judge.

Sylvester Blanchard appeals his convictions for DUI-less safe (Alcohol) and unsafe tires. He contends that he received ineffective assistance of counsel because trial counsel did not present evidence that his diabetes could have contributed to his behavior at the time of his arrest, and thus the trial court should have granted his motion for a new trial. For the reasons stated below, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that Blanchard's tire "blew out" as he was driving home around midnight. A motorist who observed the blow-out and subsequent shredding of the tire called 911 to report the incident when Blanchard did not slow down or change course. Police arrived at Blanchard's residence to find him "passed out" in the driver's seat, still wearing his

seatbelt and with the key in the ignition. Upon waking Blanchard, officers noted the "strong odor of an alcoholic beverage" on his breath, slurred speech, confusion, lack of coordination, and glassy, bloodshot eyes. Blanchard agreed to submit to a portable Breathalyzer test, which was positive. Blanchard was arrested for DUI and unsafe tires. When the officers asked him for another breath test at the precinct, Blanchard refused. Blanchard testified that he did not take the second test because he was not intoxicated, and that the only alcohol he had consumed was a small amount of Four Loko, an energy drink that contains alcohol. He further testified that, had he been intoxicated, he would have agreed to the test and pled guilty to the charge, as he did in 2008. The jury found Blanchard guilty on both counts.

At his motion for a new trial hearing, the physician's assistant who treated Blanchard for diabetes testified that, in extreme conditions, a diabetic may become very hyperglycemic or very hypoglycemic, and that the symptoms of these conditions may mimic intoxication. He could not confirm whether these conditions would result in a false positive for alcohol on a Breathalyzer test.

Blanchard's trial counsel testified that Blanchard did not disclose that he was diabetic until three days before trial. He further testified that, although he did not request a continuance to try to retain an expert witness, nor did he request funds from

2

the public defender's office to hire one, he had elicited testimony from the State's expert witness that symptoms of diabetes can be mistaken for intoxication.

The trial court denied the motion for a new trial, and Blanchard appeals from that order. Blanchard maintains that he did not receive effective assistance of counsel because trial counsel did not follow up on his diabetes disclosure by requesting a continuance to investigate it as a possible defense, and did not procure an expert witness or medical professional to testify about the way that the symptoms of diabetes may mimic intoxication.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must demonstrate that counsel's performance was deficient and that there is a reasonable probability that the result at trial would have been different but for counsel's deficiency. *Lynch v. State*, 291 Ga. 555, 556 (2) (731 SE2d 672) (2012). See also *Strickland v. Washington*, 466 U. S. 668, 694 (III) (B) (104 SC 2052, 80 LE2d 674) (1984). "If [Blanchard] fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong." *Lynch*, 291 Ga. at 556 (2)."The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant,

3

findings that this Court does not disturb unless clearly erroneous." *Sarratt v. State*, 299 Ga. App. 568, 569 (2) (683 SE2d 10) (2009).

Blanchard maintains that counsel should have requested a continuance and funds to hire an expert witness after he revealed his medical condition. Alternatively, he contends that counsel should have subpoenaed the physician's assistant who has treated him for diabetes to testify about the disease. "In Georgia, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy." (Citation and footnote omitted.) *Carter v. State*, 265 Ga. App. 44, 48 (4) (593 SE2d 69) (2004). Trial counsel testified at the hearing for a new trial that he and Blanchard had agreed from their first meeting that their defense would be fatigue because Blanchard had worked long hours and had eaten very little on the day of his arrest. After Blanchard's disclosure of his medical condition, counsel incorporated the new information into the planned testimony and elicited testimony from the State's expert witness that diabetics sometimes exhibit symptoms consistent with intoxication. "Trial tactics and strategy . . . are almost never adequate grounds for finding trial counsel ineffective unless they are so patently

4

unreasonable that no competent attorney would have chosen them." (Citation and footnote omitted) *Saratt*, 299 Ga. App. at 571 (2) (c).

Blanchard contends that his medical provider's testimony could have created a reasonable doubt that his conduct was the result of intoxication by providing information about how a diabetic's daily food and drug intake may affect behavior. However, when Blanchard's treating physician's assistant testified at the new trial hearing, he could not confirm whether diabetes alone could result in a positive portable breath test. Thus, his testimony that the symptoms of diabetes may mimic those of intoxication were merely cumulative of that presented by the State's expert at trial. "The failure to call an expert at trial does not prejudice the defendant if the expert's testimony would have been cumulative of testimony elicited from other witnesses by defense counsel during trial." *Rolland v. State*, 321 Ga. App. 661, 669 (3) (a) (742 SE2d 482) (2013). "[Blanchard] has failed to show how this witness' testimony would have changed the outcome of the trial when the same evidence [he] contends [the witness] would have testified to was admitted through other witnesses." *Gibson v. State*, 290 Ga. 6, 12 (6) (b) (717 SE2d 447) (2011); see also *Wesley v. State*, 286 Ga. 355 (3) (h) (689 SE2d 280) (2010) (no ineffective assistance based on counsel's failure to present cumulative evidence).

"To establish the prejudicial effect of trial counsel's failure to present certain evidence, an appellant is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case." *White v. State*, 293 Ga. App. 241, 243 (1) (666 SE2d 618) (2008). This Blanchard has not done. Accordingly, as Blanchard has not shown a reasonable probability that the outcome of the trial would have been different had trial counsel requested a continuance and called an expert, the trial court did not err in finding Blanchard's ineffectiveness claim meritless, and thus, denying his motion for new trial.

*Judgment affirmed. Miller and Ray, JJ., concur.*